June Term.<br>1860.<br><br>DAVIES<br>v.<br>TURTON et al.

---

DAVIES, by his guardian, vs. TURTON and another.

An infant who agreed with an adult to serve him three years as an apprentice for a stipulated price, may, after performing the service, maintain an action against the adult upon the contract, to recover the price stipulated.

The adult is bound to pay for the service according to the contract, although it was not binding upon the infant, for want of conformity to the statute "concerning masters and apprentices."

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint stated that on, &c., it was agreed between the plaintiff, who was an infant, and the defendants, that the former should serve the latter three years as an apprentice in the trade of a machinist, at a stipulated price per year; that the plaintiff had performed the agreement on his part, and that the defendants had refused to pay him the price stipulated. The defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action, in this, that it did not state that the agreement of the plaintiff to serve as an apprentice was made by indenture of two

June Term,
1860.

DAVIES
v.
TURTON et al.

parts, signed and sealed by the parties, and that it did not appear that the consent of any of the persons whose consent was required by law, was ever given. The court sustained the demurrer.

*Upham, Graham & Waldo,* for appellant, cited Bingham on Infancy, chap. 3, § 1; 1 Sid., 446; 1 Mod., 25; 2 Strange, 937; 2 Kent's Com., 249, *et seq.*

*Von Deutsch,* for respondent. [No argument on file.]

January 2.

*By the Court,* DIXON, C. J. The privilege conferred by the common law upon infants is personal in its nature, and no one can take advantage of it but the infants themselves their personal representatives, executors, administrators and privies in blood. Hence, though their deeds or contracts are voidable as to themselves, they are binding upon persons of full age. The lenity of the law toward them is intended for their exclusive benefit in protecting them from the frauds and deceptions which, owing to their weakness and inexperience, others of riper years might be enabled to practice upon them; and if adults were permitted to avail themselves of it, it would, in many instances, become the means of direct injury instead of benefit to their rights and interests. Thus it would be in this case, if the position of the respondents is correct and the decision of the circuit court is sustained. They have availed themselves of the time and labor of the appellant, and without an intimation that he did not serve them faithfully and well, they seek to avoid payment of the price which was fairly stipulated and justly earned. Their ground of objection is, that at the time he contracted to work for them and entered into their employment, he was not in a situation to bind himself as to the prospective services which he has since performed to their entire satisfaction. It would be the extremity of oppression and injustice toward an enterprising and industrious youth, if he were now to be turned away unrequited, and the respondents allowed to reap the fruit of his labor without compensation or reward, simply because he has fairly and honestly performed a contract which in law imposed no duty or obligation upon him, and which he might have escaped or avoid-

ed if he had chosen. The reason assigned for this position is, that the statute, chapter 81, statutes of 1849, now found as chapter 113 of the statutes of 1858, regulating the man- ner in which infants may bind themselves as apprentices, is inconsistent with, and abrogates the rules of the common law, and prescribes the only method by which contracts for the hire or service of infants can be entered into ; and as it appears that the parties did not comply with the statute in making the agreement sued upon, it is insisted that it is void as to both, and no recovery can be had. We cannot take this view of the statute. It appears very clearly to us that it was not the design of the legislature to interfere with the benign doctrines of the common law, but to add to the privileges of infants, by enabling them, with the advice and consent of some experienced and discreet person of full age, to make contracts which should be completely obligatory in law. The intention was not to take away from them advantages which they already possessed, but to add new ones ; it was, by removing disabilities which existed at common law, to give them the benefits which would arise from possessing the capacity of persons of full age, and not to destroy the liability of parties who dealt with them, according to previous regulations. The legislature did not mean, any more than the authors of the common law, to confine them to any rigid or technical mode of proceeding, nor to leave them at the mercy of those who might desire to cheat or defraud them. The power, under certain circumstances, to bind themselves during·minority, for the purpose of being nurtured and educated, and trained to the exercise of some useful trade or calling, was considered beneficial, and it was to confer it that the statute was enacted. A particular reference to its provisions for the purpose of establishing this intention, seems unnecessary. It is manifested by all of them.

The order of the circuit court must, therefore, be reversed, and the cause remanded .for further proceedings in accordance with this opinion.