## LONG v. HEWITT ET AL.

1. **Power:** FAILURE TO EXECUTE. While equity will interfere to correct the defective execution of a power, yet it has no jurisdiction to relieve parties from the effects of a failure to execute, even though the intention to do so may be apparent.

2. ———: ADOPTION OF CHILD: ACKNOWLEDGMENT. Where an instrument intended to effect the adoption of an infant was signed and acknowledged by his surviving parent, but the persons intending to adopt failed to execute it by reason of the illness of the justice in whose possession the instrument was, and the child resided with the intended parents for a year and a-half, *held*, that this did not constitute a legal adoption.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 18.

JESSE S. LONG died in 1875, in Jasper county, Iowa. Loretta Long, plaintiff herein, is his widow, and Alice Hewitt is his daughter by a former marriage. He had no other children. Loretta Long filed her petition in the court below, making Alice Hewitt and Jennie May Long defendants, demanding the assignment of dower in the real estate of deceased. Jennie May Long, by her guardian *ad litem*, filed an answer and cross-petition, claiming to be an heir of said deceased and entitled to one-third of his estate; and, in support of such claim, she exhibited a certain paper writing, of which the following is a copy:

"*Know all men by these presents:* That we, Jesse S. Long and Loretta Long, of Jasper county, and State of Iowa, do hereby adopt as our own child, May Bain, of Jasper county, and State of Iowa.

" Said May Bain is a minor of five years of age, born on the 10th day of December, 1868, and is a daughter of Seneca Bain and Matilda Bain.

" The said Seneca Bain departed this life on the 2d day of August, 1868.

"And the said Matilda Bain, since the decease of her said

husband, Seneca Bain, has intermarried with M. Gifford, and is now a resident of Jasper county, and State of Iowa, and is by name Matilda Gifford; and we, the said Jesse S. Long and Loretta Long, hereby confer upon the said May Bain all the rights and privileges, coupled with the responsibilities, which would by law have pertained to said child if born to us in lawful wedlock.

"The name of said child hereby adopted shall be Jennie May Long.

" We, the parties herein narrated, hereby signify our approval of the above adoption, and acknowledge the binding force of this instrument, this —— day of March, 1874, at Monroe, Iowa.

" Signed,        MRS. M. T. B. GIFFORD."

" STATE OF IOWA,  ⎱ ss.
  " Jasper County. ⎰

" On this, 24th day of October, A. D. 1874, before me, a justice of the peace in and for said county, personally came J. S. Long, and Loretta Long, and Mrs. M. T. B. Gifford, personally known to me to be the identical persons whose names are affixed to the above deed as grantors, and acknowledged the same to be their voluntary act and deed.

" Witness my hand and official signature, this day and year above written.

"A. HINSON, <i>Justice of Peace.</i>"

It is alleged in the answer and cross-bill, that in pursuance of said agreement the mother of said defendant delivered the defendant to said Jesse S. Long and Loretta Long, who accepted and received defendant under and by virtue of said agreement as their own child, to be entitled to and receive all the rights and privileges the same as if born of the wedlock of said Long and wife, and that defendant since such delivery ever has been, and now is the adopted child of said Long and wife, and since then has been, and now is a member of said Long's family; that said Jesse S. Long and his said wife requested the said justice whose name appears to the acknowl-

edgment of said agreement, to take the acknowledgment in the manner, in the substance, and in the form, at the place, and on the date appearing upon said instrument, and that the said Jesse S. Long and Loretta, his wife, would appear before him, the said Hinson, and sign the same; that shortly afterward said Hinson was taken sick and became wholly disabled, and the said Long and wife went repeatedly to his residence to attach their signatures to said instrument, but they found said justice too ill to do business or to attend to the further execution of said agreement, and said Hinson shortly thereafter departed this life, and said instrument was found among his papers shortly after the death of said Long.

It is averred that Jesse S. Long and his wife fully intended to sign said instrument, and would have done so but for the sickness and death of said justice and the subsequent accidental death of Long. It is claimed that, as the agreement has been performed by the mother of the defendant, and was intended to be executed and performed by Long and wife, which was only prevented by accident, that defendant should be confirmed in all the rights and privileges intended to be secured by said contract, and that a decree should be entered compelling a specific performance of the contract according to the intention of the parties.

Alice Hewitt demurred to the answer and cross-petition, on the ground that the agreement of adoption is not shown to have been signed, acknowledged and recorded, as required by the provisions of the Code of Iowa.

The demurrer was sustained and judgment rendered thereon, and defendant, Jennie May Long, appeals.

*I. J. Ketchum*, for appellant.

*Smith & Wilson* and *Dennison & Brown*, for appellee.

ROTHROCK, J.—There are many allegations in the answer and cross-petition which are wholly immaterial and foreign to the question to be determined in this action. It may be a matter of concern to the parties that Jesse S. Long, deceased, was the owner of a large quantity of land, and was president

of a National bank, that he left a large fortune to be distributed among his heirs, but it has nothing whatever to do with the question as to whether the instrument in writing, relied on, should be enforced as a valid contract of adoption.

It appears that the instrument in question is dated in March, 1874. This renders it certain that the subject matter of an adoption was at least under consideration by the parties at that time. The acknowledgment was taken Oct. 24, 1874. Jesse S. Long died August 31, 1875, nearly eighteen months after taking the defendant into his family, and about that length of time after the date of the written instrument. This lapse of time effectually rebuts the idea that the failure to sign the agreement was the result of accident. Accident in legal contemplation does not mean delay, or neglect in doing a given act. If Long, while in the act of signing the instrument, had been stricken with disease so as to disable him physically and mentally from completing the execution, this might be denominated accident in law. There certainly was no mistake. The preparation of the written instrument—prepared, as is alleged, by Long's direction, shows that he knew what was necessary to be done to make it valid. There was no actual fraud, but defendant's counsel claims that the non-execution of the instrument was a fraud on the rights of the child and its mother.

The Code, sections 2307, 2308, 2309, provides what is necessary to be done in order to make valid the adoption of a child so that it may inherit the same as if born in lawful wedlock.

It is required that the instrument in writing be signed by the person adopting, and shall be acknowledged by all the parties thereto in the same manner as deeds affecting real estate, and shall be recorded in the county recorder's office.

It is insisted that, as the intention existed to execute this instrument, a court of equity has the power to aid the defend-

1. POWER: failure to execute. ant by doing that which was intended to be done by the parties, on the principle that courts of equity will aid the defective execution of a power. There is no doubt the defective execution of a power may be cured or aided by a court of equity in a proper case made; but the

Long v. Hewitt.

difficulty in applying that rule to this case is, that this is not a defective execution of a power. There is an entire want of execution, defective or otherwise. The mere fact that the child was taken into Long's family, and there lived a year and a-half and up to the time of his death, and that the mother signed an agreement for adoption, which Long promised to execute, but did not, is not the defective execution of a power. It is not even an attempt at execution, and the instrument, if signed, is not the execution of a power.

But, conceding that this is a defective execution. The statute provides what shall be necessary to be done in order to confer upon the child all the rights and privileges and responsibilities which would appertain to the child if born in lawful wedlock. Courts of equity cannot dispense with the regulations prescribed by a statute; for, otherwise, equity would in effect defeat the very policy of legislative enactments. Story's Equity, sections 96, 170.

We have not reviewed the authorities cited by counsel for appellant, for the reason that, in our judgment, the principles contained therein apply to another class of cases, and have no application to the case before us. If courts of equity should hold that an inquiry may be made as to what were the causes which prevented a compliance with the statute by the proper execution of an agreement for adoption, it would be a most dangerous doctrine, and would be in effect permitting that which the statute requires shall be in writing to be shown by parol; thus allowing estates to be distributed upon what might be shown by parol to have been the intention of the intestate.

This is contrary to the whole policy of the law of descents and distribution. As well might we hold that the non-execution of a will is a fraud upon some devisee named therein, because the deceased was stricken with death before he signed it.

The judgment of the Circuit Court is

AFFIRMED.