### SHEARER ET AL. v. WEAVER ET AL.

1. **Adoption:** REQUISITES OF: RIGHT OF INHERITANCE. *Rights of inheritance can only be acquired through adoption by a full compliance with the provisions of the statute; where articles of adoption are properly executed, but are not recorded during the lifetime of the person adopting, no right to inherit from him is thereby conferred on the child, though the latter has complied with the terms of such articles during the full period of his minority.*

### *Appeal from Wapello Circuit Court.*

### WEDNESDAY, OCTOBER 5.

THIS is an action for the partition of certain real estate. The plaintiffs are husband and wife.   The plaintiff Emma Shearer claims that she, as the heir of John P. Weaver, is entitled to two-thirds of said real estate, and that Nancy Weaver, as the widow of John P. Weaver, is entitled to the remaining one-third of said estate.   The defendant J. P. Hawthorn claims that he, as the grantee of Isaac Weaver, is the owner of one-third of the land described.   The cause was referred to I. N. Mast Esq., who reported the facts, and recommended that one-third part of the lands be set apart to Emma Shearer, Nancy Weaver and J. P. Hawthorn respectively.   Upon the facts reported the court disregarded the recommendation of the referee and set apart two-thirds of the

land to Emma Shearer, and one-third to Nancy Weaver. The defendant Hawthorn appeals. The facts are fully set forth in the report of the referee.

*W. W. Cory, H. H. Trimble* and *M. J. Williams*, for appellant.

*Stiles & Lathrop*, for appellees.

DAY, J.—The referee filed a report as follows: "1st. That on the 30th day of July, 1875, John P. Weaver died intestate, seized in fee of the following described real estate, to-wit: The E½ of the NE¼ of section No. 33, and 60 acres off of the south part of the NW¼ of section No. 34, all in township No. 73, range No. 12 west. Also the N twelve acres of the NE¼ of the NW¼ of section No. 5, township No. 72, range No. 12 west; all in Wapello county, Iowa.

"2d. That John P. Weaver left surviving him Nancy Weaver, his wife, the defendant herein.

"3rd. That he also left surviving him the plaintiff Emma Shearer, intermarried with plaintiff John Shearer; that said Emma Shearer is the same person named or referred to in the adoption papers as Barbara M. Broherd and a change of name as Emma Weaver.

"4th. That plaintiff Emma Shearer claimed an interest in said lands as heir of John P. Weaver, by virtue of the adoption paper referred to in the third finding of fact; that said adoption paper was filed for record July 17th, 1858, in the office of the recorder of deeds of Wapello county, Iowa, and was entered of record in deed record K, at page 343, and that said adoption paper was indexed as, and in the name of, Tabitha Broherd, grantor, and John P. Weaver, grantee, and was not indexed in the name of the parent by adoption as grantor and the child as grantee, and that the original name of the child is stated in the adoption paper.

"5th. That said Emma Shearer began to live with, and reside in, the family of the said decedent, John P. Weaver,

when she was about four years old, and continued to reside in said family for about eighteen years, and until her marriage with her husband, J. W. Shearer; that she was about seven years old at the time the adoption papers were executed.

"6th. That John P. Weaver also left surviving him one Isaac Weaver, who claims an interest in said lands and who conveyed whatever interest he had therein to the defendant J. P. Hawthorn, by two deeds dated respectively March 5th, 1877, and April 3d, 1877, and recorded at page 310 of deed record No. 13, of Wapello county records, and at page 456 of same record.

"7th. That said Isaac Weaver began to live with, and reside in, the family of John P. Weaver when he was about three years old and continuously resided in said family until after the death of said John P. Weaver and until after said Isaac Weaver had attained his majority; that during the time he so lived with said John P. Weaver he was obedient to the commands of said John P. Weaver and his wife, Nancy Weaver, was industrious and faithful in the discharge of all the duties that were assigned to him.

"8th. That said Isaac Weaver is the son of Mark Mann and Susannah Mann; that about the year 1859 John P. Weaver took the child to live with him on trial and to see if he would like him; that after he had resided for a brief period with said Weaver, a contract was entered into between said John P. Weaver and Mark Mann, the father of the child, in substance as follows: Said John P. Weaver agreed that he would take and keep the said child as his own child; that he would make him an heir, and that he should have an equal share with Emma Weaver (now Emma Shearer), the daughter, in his property.

"9th. That this same contract in substance was renewed and reaffirmed about the year 1864 by and between said John P. Weaver and Mark Mann; that from 1859 to this time the said child had continuously resided with said Weaver and was then residing with him.

"10th.  That on December 6th, 1872, an adoption paper was executed as shown by exhibit "B" to the referee's record of evidence, herewith filed; that said adoption paper was filed for record with the recorder of deeds of Wapello county, Iowa, August 28th, 1875, and was recorded in book 12, page 49, of the records of deeds; that it was refiled for record, in the same office, July 10th, 1877, and recorded in book 14, page 177, of the deed record of Wapello county, Iowa.

"11th.  That from the time said agreement between Mark Mann and John P. Weaver was made, in 1859, to the present time said Isaac Weaver has been treated by said John P. Weaver and his wife, Nancy Weaver, as a son—as a child; that the administratrix of the estate of said John P. Weaver reported him as an adopted son, and that he was so known and considered generally in the neighborhood where Mr. John P. Weaver resided.

"12th.  That defendant J. P. Hawthorn purchased from said Isaac Weaver the interest in the land in controversy in good faith, believing him to be an adopted son of said John P. Weaver, but without any further investigation than the neighborhood report and understanding.

"13th.  That after the execution of the adoption paper (exhibit "B" to the evidence as reported) it was placed in John P. Weaver's hands with the understanding on the part of Mark Mann and the promise on the part of John P. Weaver that said Weaver would have it recorded.

"14th.  That said John P. Weaver took the following action in relation to the recording of said paper, to-wit: He placed said paper in the hands of W. P. Simmonds, a neighbor, with instructions that, when he went to Ottumwa, he should have the paper recorded; that said Simmonds failed to go to Ottumwa, on account of the season, distance, etc., and did not have the paper recorded, but returned it to said Weaver; that this effort toward recording occurred in the latter part of 1872, or in the early part of the year 1873.

"15th. That Isaac Weaver in so far as he could do so acted in conformity with the contract made for him by his father, and believed himself to be an adopted child of said Weaver and remained in said family under that belief for some time after attaining his majority.

"My conclusions of law therefore are: That in the issues referred—joined between plaintiff and defendant J. P. Hawthorn—the equities are with the said defendant Hawthorn; that he is entitled to the undivided one-third of the real property described and that a decree should be entered confirming the title therein in him.

"That a decree should be returned confirming the title to the undivided one-third of said land in the plaintiff Emma Shearer, and the undivided one-third in the defendant Nancy Weaver, protecting her homestead rights, as prayed, and ordering partition to be made accordingly and appointing referee therefor."

The articles of adoption of Isaac W. Weaver, referred to in the referee's report, are signed by John P. Weaver, Nancy Weaver, Mark Mann, and Susannah Mann, and are in due form. The certificates of acknowledgment thereto are as follows:

STATE OF IOWA,　}
　WAPELLO COUNTY. }

On this 6th day December, 1872, before me, John Potter, a notary public in and for said county, personally came to me the above named parties and acknowledged the same to be their voluntary act and deed for the purpose therein expressed.　　　　　　　JOHN POTTER,
　　　　　　　　　　　　　　*Notary Public.*

STATE OF IOWA,　} ss.
　WAPELLO COUNTY. }

On this 6th day of December, 1872, before me, W. H. Williams, a justice of the peace of Competine township, in and for said county, personally came John P. Weaver and Nancy Weaver, who are personally known to me to be the

identical persons whose names are affixed to the within instrument and acknoweledged the same to be their voluntary act and deed for the purposes therein specified.

Given under my hand this the day and date first above written.                    W. H. WILLIAMS,
*Justice of the Peace.*

These articles were filed for record and recorded August 28, 1875, and re-recorded July 10, 1877.

The plaintiff filed exceptions to the admission of parol evidence of an agreement between J. P. Weaver and the father of Isaac Weaver; and also to the conclusion of law found by the referee. The court set aside the referee's report and found that defendant J. P. Hawthorn had no right or title in said real estate; that the articles of adoption under which his grantor, Isaac Weaver, claimed as heir of said J. P. Weaver were invalid and of no effect, because not executed as required by law, and not sufficient to constitute him an heir of John P. Weaver, deceased, and that he is not entitled to claim as heir by virtue of the agreement referred to in the pleadings.

I. John P. Weaver died on the 30th day of July, 1875. The adoption paper was not filed for record until the 28th 1. ADOPTION: day of August, 1875. In *Tyler et al. v. Rey-*requisites of: *nolds*, 53 Iowa, 146, it was held that where the instrument for the adoption of a child was not filed for record until after the death of the adopting party, the adoption was incomplete, and the child could not inherit as an heir of the decedent. Under this determination it becomes unnecessary that we should consider the claimed defect in the acknowledgment of the instrument of adoption.

II. It is claimed, however, that no matter how defective the adoption is, it is binding upon John P. Weaver, and his heirs, because it had been fully and completely complied with by Isaac Weaver, and by his father and mother. In support of this position appellant cites and relies upon *Maltby v. Harwood and Wells,* 12 Barbour, 473, and *Davies*

*v. Lenton,* 13 Wis., 185. In *Maltby v. Harwood and Wells* it was held that where a minor, indentured as an apprentice, serves his master in that capacity until it is discovered by the master, before the termination of the apprenticeship, that the ·indentures .are void by reason of their not having been executed by the minor's father, and the apprentice is therefore discharged, the master is not liable, either to him or to his father, on any implied promise to make compensation for the services so rendered; and that although a contract of apprenticeship be void, yet while the parties reside together, mutually performing the conditions of that contract, the relation of master and servant exists as really as if the indenture was binding, and upon the termination of the relation, neither party can have any claim upon the other beyond the conditions of the contract. In *Davies v. Lenton* it was simply held that an infant who agreed with an adult to serve him three years as an apprentice, for a stipulated price, may, after performing the service, maintain an action against the adult upon the contract, to recover the price stipulated, and that the adult is bound to pay for the service according to the contract, although it was not binding upon the infant, for want of conformity to the statute concerning masters and apprentices. These cases do not involve any question relating to the inheritance of real estate, and it is evident that they have but little, if any, application to the question now under consideration. The title of the appellant, J. P. Hawthorn, to an interest in the land in controversy can be upheld only upon the ground that his grantor inherited the interest conveyed. Our statute makes full and explicit provision as to the descent of property, and prescribes the persons who may take by descent. The rights of inheritance existing between parent and child by lawful birth are by statute conferred upon parent and child by adoption. Code, section 2310. In our opinion rights of inheritance cannot be conferred by a parol agreement. The case of *Van Dyne v. Vineland,* 3 Stock., 370; same case, 12 N. J. Eq., 142,

referred to in *Tyler v. Reynolds*, 53 Iowa, 146, is a *nisi prius* case. Besides, this case was decided in 1858, whilst the first New Jersey statute providing a mode for the adoption of children was, so far as we have been able to discover, enacted in 1877. Our statute having provided specifically the means whereby one sustaining no blood relation to an intestate may inherit his property, the rights of inheritance must be acquired in that manner, and can be acquired in no other way. The judgment of the court below is

AFFIRMED.