HATTIE HOPKINS, Appellee, v. A. M. ANTROBUS, as Executor of The Will of William Miller, Deceased, Appel.ant.

Adoption: WHAT ARTICLES OF MUST CONTAIN. Under sections 2600 and 2601 of the Revision of 1860, articles of adoption which fail to show "consent of the parent to such adoption" or that the child was "given to the person adopting as his own child" are not in compliance with the statutes, though liberally construed, and therefore invalid.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

THURSDAY, APRIL 9, 1903.

THE opinion states the case.—*Reversed.*

*A. M. Antrobus* for appellant.

*Stutsman & Stutsman* and *Blake & Blake* for appellee.

WEAVER, J.—William Miller, a resident of the city of Burlington, Iowa, died testate September 4, 1899. By the terms of his will he devised a certain lot or tract of land (which constituted his entire estate) to A. M. Antrobus, in trust to sell, and to devote the moneys thus obtained to charitable purposes. The plaintiff brings this action, alleging that she is the daughter by adoption of the testator, and his only heir at law, and as such entitled to inherit the estate. To avoid the effect of the will, she relies upon the statute (Code, section 3270), which says that no devise or bequest to a corporation not organized for pecuniary profit shall be valid in excess of one-fourth of the testator's estate. Issue was taken upon this claim by the trustee, and upon trial to the court there was a decree for the plaintiff, adjudging her to be the owner of an undivided threefourths of the property. The trustee appeals.

While other questions are presented by the pleadings, the arguments of counsel before us are directed solely to the matter of plaintiff's adoption by the testator. The appellant contends: First, that there is no proof that any deed of adoption was ever made; and, second, that, if the instrument relied upon by the plaintiff was in fact executed by the parties whose names are thereto attached, it is wholly insufficient to evidence a valid adoption. As the latter objection, if well taken, is decisive of the case, we turn to the instrument itself. The original document was not found or produced upon the trial, but the record thereof in the office of the recorder of Des Moines court is in the following words:

"This instrument in writing made and entered into this 31st day of July, A. D. 1862, by and between William Miller, of the City of Burlington, in the County of Des

Moines and State of Iowa, of the First Part, and H. C. Ohrt, County Judge of said Des Moines County, and Virginia Rosser, party of the Second Part, of said Des Moines County, witnesseth, That the said William Miller hereby adopts in accordance with the provisions of Chapter 107 of the Code of Iowa (Revision 1860,) 'Hattie Rosser, minor child of said Virginia Rosser, now about five years old, giving to and conferring on said minor the name of 'Hattie Miller,' and conferring on said Hattie all rights and privileges in law in said Chapter 107 contained, and the said H. C. Ohrt, County Judge hereby consents to this act of adoption. In witness whereof we the said parties, to wit: William Miller, Virginia Rosser, mother of said Hattie, and H. C. Ohrt, County Judge, have hereunto set our hands this 31st day of July, A. D., 1862.

"Wm. Miller,
"Virginia Rosser,
"H. C. Ohrt, Co. Judge."

The instrument was acknowledged by William Miller and Virginia Rosser, and was on the same day duly recorded in the office of the recorder of the county. The statute in force at that date respecting the adoption of children is found in chapter 107 of the Revision of 1860, and, among other things, provides as follows: "Sec. 2600. Any person competent to make a will is authorized in the manner herein set forth to adopt as his own the minor child of another.

"Sec. 2601. In order thereto, the consent of the parent lawfully having the care and providing for the wants of the child, if the parents are divorced or separated, shall be given to such adoption by the statement in writing signed by the party consenting, * * * and stating also that such child is given to the person adopting for the purpose of adopting as his own child."

The point made by appellant is that the deed of adoption relied upon by plaintiff does not substantially conform to this statutory requirement, in that it wholly

fails to show any "consent of the parent to such adoption," and likewise fails to embody any statement that the child was given "to the person adopting as his own. child." The right of adoption by which the child of one person may be endowed with all the rights pertaining to the lawfully begotten issue of another person is a creature of the statute, and, like other rights having such origin, its benefits are to be obtained only by a substantial observance of the statutory conditions. It may be conceded, we think, that under the liberal provision of our Code (section 3446) the rule which requires a strict construction of statutes in derogation of common law has no application here, and that a failure to literally follow the language of the statute is not necessarily fatal to the validity of a deed of adoption. But where the act which authorizes an adoption provides that it shall be by a written instrument, executed by certain parties, and placed on record, there must be some substantial compliance with each of these essential requirements. *Long v. Hewitt*, 44 Iowa, 363; *Shearer v. Weaver*, 56 Iowa, 585; *Tyler v. Reynolds*, 53 Iowa, 146; *Gill v. Sullivan*, 55 Iowa, 341.

Most of the cases which have come before us under this statute have turned upon the question of the necessity of recording the deed, and in each instance we have held that without such recording during the minority of the child and lifetime of the person adopting it the deed is unavailing. Now, the provision requiring the recording of the instrument is no more imperative than the one which declares that the parent lawfully having possession of the child shall consent "by a statement in writing" to the adoption, and shall (in writing) "state also that the child is given to the person adopting for the purpose of adoption as his own child." As the natural guardian of the child, entitled to its care, the consent of the parent to a surrender of such right is properly made a prominent and explicit requisite to the validity of an adoption, and the requirement that

it be expressly embodied in the writing is eminently wise. Reading the instrument before us, it appears to be wholly without any word or words which we can construe as meeting this demand of the statute. The declaration of the writing is that "William Miller hereby adopts Hattie Rosser, minor child of Virginia Rosser," and "H. O. Ohrt, county judge, hereby consents to this act of adoption." Now, as the mother, then a divorced woman, is shown by the record to have been "the parent lawfully" having the care of the child," the consent of no other person or officer was necessary to the adoption; and the joining of the county judge in the deed and his consent to the adoption were of no legal effect. The deed must therefore, be construed the same as if the name and consent of the county judge were stricken therefrom. We have left, then, simply a writing in which Mr. Miller undertakes to adopt the plaintiff, and confer on her the privileges of a child born to him, but in which instrument the mother takes no part whatever save to sign and acknowledge it. Nowhere in the writing does she express her consent to the act, and nowhere does she say that she gives the child to Miller for the purpose of adoption. It is possible that these two declarations of consent and gift might be treated as tautological, and that, if either was clearly expressed, the absence of the other would not necessarily be a vital defect; but to say that a deed of adoption barren of both may be upheld is to nullify the statute. If this were an ordinary contract, or the rights now claimed by the appellee were such as might exist at common law or independent of the statute, it might be well said that the mother's consent would be implied from the mere fact that she signed and acknowledged the instrument, but we cannot, by implication, supply a stipulation which the statute says must be stated in express written words.

The judgment of the district court will therefore be reversed, and the plaintiff's petition dismissed.—Reversed.