WHITNEY HUGHES RILEY, Appellant, v. J. A. McKINNEY, Administrator, LYDIA RILEY and ADA RILEY BROWN, Appellees.

Adoption of children: CONTRACT: VALIDITY. A contract between parties desiring to take a child into their family and a society having the care of homeless children, providing that such parties should properly care for and educate the child, and upon his arrival at majority should give him a specified sum of money and certain clothing and thereafter permit him to enjoy their home the same as though he were their own child, was not a statutory adoption entitling the child to inherit, although styled articles of adoption; as a legal adoption can only be accomplished by following the method pointed out by the statute. A contract, however, of this character is not contrary

to public policy and should be construed and enforced according to its terms; but in the instant case the allegations of the petition were not such as to authorize relief in any form.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, NOVEMBER 28, 1914.

ACTION against the administrator of John J. Riley, and against his widow and daughter, as beneficiaries of his estate. The plaintiff claims to be the owner of an undivided one-third of the estate of decedent, Riley, as an adopted child under and by virtue of a certain contract of adoption. A demurrer to his petition was sustained. He elected to stand upon his petition. Thereupon the trial court dismissed the same, and entered judgment against him for costs.—*Affirmed.*

*Mulvaney & Mulvaney,* for appellant.

*Parker & Riley,* for appellees.

EVANS, J.—The petition declares upon the following contract:

John J. Riley and Wife to Gustavus Hughes.
Articles of Adoption.
Iowa Children's Home Society.
Contract.

Articles of agreement made and entered into this 24th day of June, 1896, between the Iowa Children's Home Society, party of the first part, and John J. Riley and Lydia Riley, husband and wife, of Ankeny, county of Polk, and state of Iowa, parties of the second part, witnesseth:

That the party of the first part has placed in the care, custody, and control of the parties of the second part at their home in Ankeny, Iowa, to be trained, loved and educated so as to be fitted for the requirements of life, a certain male child, Gustavus Hughes, now known as Whitney Hughes Riley by name, said child having been born November 26, 1887.

The party of the first part agrees that it will leave said child in the care of the party of the second part so long as they shall love, cherish, nurture, educate, and properly care for said child in a suitable and Christian manner such as they would be required to were it their natural child, and the second party hereby acknowledge the receipt of said child, and agree on their part that they will faithfully perform and keep the conditions named above, both in letter and intent; and they further agree that they will give him an opportunity of obtaining a common school education, and, further, that when the child shall have attained the age of twenty-one years, they will give five hundred dollars ($500) in good and lawful money, together with at least two good and sufficient suits of clothing throughout to said Gustavus Hughes, now known as Whitney Hughes Riley, and will allow the said child after he becomes twenty-one years of age to go to and from their home and to enjoy said home as freely and fully as though it was their natural child.

Provided, however, that Gustavus Hughes, now known as Whitney Hughes Riley, the above-named child, shall prove himself reasonably faithful to the interest of John J. Riley and Lydia Riley until of legal age and does not leave their employ of his own volition. When the above-named conditions binding upon the Iowa Children's Home Society and Gustavus Hughes, now known as Whitney Hughes Riley, shall be complied with, then shall this contract remain in full force.

John Riley died in January, 1913, and left surviving his widow and one daughter.

The plaintiff contends that he is entitled to inherit one-third of the estate, as an adopted son, under the foregoing contract. Conceding that the instrument does not comply with all the requirements of the statute of adoption, he contends that it is a substantial and sufficient compliance therewith to entitle him to the inheritance claimed.

Sections 3250 and 3251 of the Code are as follows:

Sec. 3250. Any person competent to make a will is authorized in manner hereinafter set forth, to adopt as his own, the minor child of another, conferring thereby upon such child all the rights, privileges and responsibilities which

would pertain to the child if born to the person adopting in lawful wedlock.

Sec. 3251. In order thereto the consent of both parents, if living, and not divorced or separated . . . shall be given to such adoption by an instrument, in writing signed by the party or parties consenting and stating the names of the parents, if known, the name of the child, if known, the name of the person adopting such child, and the residence of all, if known, and declaring the name by which such child is thereafter to be called and known, and stating, also, that such child is given to the person adopting for the purpose of adoption as his own child.

It will be readily noted that the contract sued on does not purport to be made in pursuance of the sections above quoted, nor does it purport to comply with the form and requirement of such sections. It does not purport to be executed by either parent, nor by any of the officials specified in the statute. Neither does it contain the names of the parents as required. Neither does it purport to confer upon the child in question "all the rights, privileges and responsibilities which would pertain to it if born in lawful wedlock to the person adopting." Neither does it state that such child "is given to the person adopting for the purpose of adoption as his own."

That the contract in question is not a contract of adoption within the meaning of the statute above quoted is to our minds very clear. Our previous cases are quite conclusive on this question. *Tyler v. Reynolds,* 53 Iowa, 146; *Gill v. Sullivan,* 55 Iowa, 341; *Shearer v. Weaver,* 56 Iowa, 578; *McCollister v. Yard,* 90 Iowa, 621; *Hopkins v. Antrobus,* 120 Iowa, 21; *Sires v. Melvin,* 135 Iowa, 460. Stress is laid by appellant upon the fact that the contract in question was denominated in its caption as "Articles of Adoption." We see no relief for appellant along this line. If the caption could supply the omissions from the body of the paper, it does not purport to do so. The instrument must still be judged by its actual pro-

visions. It is a contract of adoption, though not such, in the statutory sense.

If the parties to a contract of adoption desire to confer upon the adopted child all the privileges and responsibilities of a natural child, this may be done only in the method pointed out in the statute. There is nothing, however, in the statute which forbids such a contract as the one before us. It is not contrary to public policy, and it may be enforced according to its own terms. The intent of the parties is made manifest in the contract before us, and we know of no reason of law or public policy why it should be construed in any other way than in accord with its plain provisions. The grantor in this case is a charitable society, doubtless organized under the provisions of the statute. It carries on a great and a humane work. Its great object is not to secure estates for its wards, but to secure for them kindly homes and affectionate care during the period of their minority. If it could surrender a child only to such adopting parties as would adopt it as their own natural child, the extent of its work would be greatly circumscribed. The number of persons who would confer so great a privilege upon a child thus offered, would presumably be much less than the number of those who would assume the lesser undertaking. The reason, therefore, for the form of this particular contract stands forth very plainly, and we ought not to shut our eyes to it in an attempt to bring it within the sections of the statute above quoted.

Finally, it is urged that the demurrer ought not to have been sustained, because the plaintiff was at least entitled to recover $500 and the value of two suits of clothes. The petition does not disclose whether plaintiff was entitled to such relief or not. Such question was in no manner presented to the district court. For ought that appears in the petition, the plaintiff may have received the stipulated consideration when it was due; or he may have abandoned his benefactor before arriving

at his majority. It is sufficient to say that the point made is in no manner involved in the adjudication.

The judgment of the district court is therefore—*Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.