FANNIE WEBB, Appellant, v. J. E. McINTOSH, Administrator, et al., Appellees.

SPECIFIC PERFORMANCE: Contracts Enforceable—Invalid Articles of Adoption. A naked contract to adopt a child (one em-

bodying no reference whatever to the property rights of the child) will not be specifically enforced.

**ADOPTION:** Articles—Consent by Mayor of Incorporated Town—
2 **Validity.** Articles of adoption signed by the mayor of an incorporated town, for the purpose of consenting to the adoption of the child by others, are invalid. (Section 2308, Code, 1873; Section 3251, Code, 1897.)

*Appeal from Van Buren District Court.*—D. M. Anderson, Judge.

Tuesday, October 24, 1916.

On February 8, 1913, Politha Palmer died intestate, and on the 28th day of the same month, J. E. McIntosh was appointed administrator of her estate. He filed his report as such, July 18, 1914, showing that, after the payment of all debts and expenses of administration, he had $848.63 on hand for distribution. He recited further that the intestate left as her only heirs her children, Sadie Wiltshire and Frank Truitt, and "further shows that said decedent, in the year 1892, according to the records of Van Buren County, Iowa, sought to adopt as her own child one Fannie Robins, who was then about five years of age; and at that time, a paper purporting to be a deed of adoption was recorded in the recorder's office of said Van Buren County, Iowa, but this administrator is advised that said purported deed of adoption was faulty, and not acknowledged and recorded as required by law, and therefore null and void; and, before making distribution of the funds of the estate, this administrator desires to be directed by the court in the premises. He shows a copy of said purported deed of adoption, which is attached hereto, made a part of this report, and marked Exhibit 'A'."

He then asked for an order of distribution, and that, upon compliance therewith, he be discharged and his bondsmen released. The paper referred to reads:

"W. T. Moon, Mayor of Milton, to T. F. and Politha Palmer.

"Deed of Adoption.

"Milton, Iowa, May 16, 1892.

"This indenture of adoption executed by and between William T. Moon, mayor of the town of Milton, and T. F. Palmer and Politha Palmer, both residents of the town of Milton, Van Buren County, Iowa; witnesseth: That the said William T. Moon, mayor of the town of Milton, by authority conferred in him by laws of the state of Iowa as such mayor, hereby give to the said T. F. Palmer and Politha Palmer, for the purpose of adoption as their own child, a female child of about the age of five years, said child's parents, whose names were Daniel and Annie Robins, both being dead. Now, I, William T. Moon, mayor of the town of Milton, Van Buren County, Iowa, hereby consent to said adoption, as said child is now a resident of the town of Milton, Van Buren County, Iowa, her parents both being dead, and said consent is given as required by law. The name by which said child shall hereafter be called and known is Fannie Palmer. And the said T. F. and Politha Palmer hereby accept and adopt said child as their own child, as provided by the laws of the state of Iowa. In witness whereof, the said parties have hereunto signed their names.

"W. T. Moon, Mayor of Milton.

"T. F. Palmer (X, his mark).

"Politha Palmer (X, her mark).

"Attest to signatures: A. L. Marsan.

"State of Iowa, Van Buren County, ss.

"On this 16th day of May, A. D. 1892, personally appeared before the undersigned, a notary public in and for Van Buren County, W. T. Moon, mayor of Milton, and T. F. and Politha Palmer, who acknowledged the execution of the same to be their voluntary act and deed.

"H. Clay Hargrove, Notary Public.

"Filed for record May 17th, 1892, at 8 o'clock A. M.

"Peter E. Walker, Recorder."

To this, Sadie Wiltshire and Frank Truitt filed objections to sharing the estate with Fannie (Palmer) Webb, be-- cause not a daughter of decedent and not legally adopted by her, for that (1) the mayor of Milton, an incorporated town, was not authorized by law to sign adoption papers; (2) the adoption paper fails to give name of child and is' indefinite; (3) omits to state child is given to adopting persons as their own, and is not properly acknowledged.

Fannie (Palmer) Webb answered these objections by asserting that she was legally adopted and entitled to share in the inheritance, and alleged that ''if, for any reason, the said deed of adoption is held invalid as a statutory adoption, then your petitioner says that it is and constitutes a valid contract entered into and performed and attempted to be carried out by all parties, by which this petitioner' is now entitled to the undivided one third of the estate. of Politha Palmer, deceased, and she now claims said property under and by virtue of such contract, if it be held that said deed of adoption is not a statutory adoption. And in support of such claim she alleges that all parties thereto acted in good faith upon the validity of such adoption; that the petitioner, when a small child, was taken into the home of her supposed foster parents, Politha Palmer and husband, was treated by them as their own child, and gave to them the love and affection, companionship and service of a child, up to attaining her majority and marriage, and that neither she or her supposed foster parents ever knew or believed that there was any defect in the adoption.''

The cause came on for hearing October 28, 1915, when it was made to appear that, on the death of her parents, and when about 5 years of age, she became a member of decedent's family and so continued until reaching her majority, and that the attitude of decedent and claimant was that of mother and daughter, and that decedent said at one time that she had adopted the child. The record of the paper set out was offered in evidence, and objection to such record interposed. At the conclusion of the evidence, claimant moved that the cause be

transferred to the equity side of the calendar, but there was no ruling, and, on final submission, the court sustained the objections to the record of the paper, and adjudged that Fannie Webb was not entitled to participate in the distribution of the estate. She appeals.—*Affirmed.*

*Walker & McBeth,* for appellant.

*J. C. Calhoun* and *J. E. McIntosh,* for appellees.

LADD, J.—Conceding, without deciding, that the execution of the alleged article of adoption was proven and the cause pending in equity, was it such a contract as may be specifically enforced? It was pointed out in *Chehak v. Battles,* 133 Iowa 107, that the right of inheritance, as such, may be conferred upon a stranger in blood, only by pursuing the method prescribed by statute. Even though so defective in form or execution as not to comply with the requirements of the adoption statutes, the instrument may constitute a contract relating to property rights, which, because of complete performance on one side, will be specifically enforced by the courts. Such a case was *Chehak v. Battles,* where a contract that the child should have all the "rights of inheritance by law" was enforced. And in *Anderson v. Blakesly,* 155 Iowa 430, though signed by the mayor of an incorporated town, and therefore held not to be in compliance with the adoption statutes, the promise of the adopting parents that the "child shall be the lawful heir of the aforesaid J. T. McColm and Lottie M. McColm" was enforced against the estate of the latter. In other words, the courts will not enforce specific performance of defective agreements to adopt, but will see to it that any agreement with respect to property rights fully performed on one side be enforced as to the other. The trouble with appellant's case is that the article purporting to have been signed by the decedent contains no reference to property rights. All that she and her husband undertook was "to accept and adopt

1. SPECIFIC PERFORMANCE: contracts enforceable: invalid articles of adoption.

said child as their own child, as provided by the laws of Iowa.''

This did not become effective as an adoption, because of the articles' being signed by the mayor of an incorporated town, instead of the clerk of courts, as then exacted by Section 3251 of the Code; and, as the instrument purports to confer no rights upon the child save as a consequence of her adoption, she is not entitled to specific performance. In other words, the courts will not enforce specific performance of an agreement to adopt. That can only be effected by compliance with the statutes of the state. All said in the article was concerning adoption, and cannot be construed to relate to property rights, save as the right of inheritance might result from such compliance with the adoption statutes as might establish a status such as would entitle the child to inherit as an adopted child. See *Horner v. Maxwell,* 171 Iowa 660; *Riley v. McKinney,* 167 Iowa 508. The article cannot be construed to promise any property or share thereof save through such adoption, and the court rightly denied claimant the right to share in the distribution of the estate.—*Affirmed.*

2. ADOPTION: articles: consent by mayor of incorporated town: validity.

EVANS, C. J., GAYNOR AND SALINGER, JJ., concur.