MARY MORRIS, Appellant, v. A. P. TROTTER, Administrator, et al., Appellees.

**ADOPTION:**   Agreement to Adopt—Enforcibility.   A parol agreement to adopt a child is unenforcible.   (See Book of Anno., Vol. 1, Sec. 10497 *et seq.*)

Headnote 1:   1 C. J. p. 1379.

Headnote 1:   1 R. C. L. 601.

*Appeal from Polk District Court.*—L. L. THOMPSON, Judge.

SEPTEMBER 21, 1926.

Action in equity against the administrator and collateral heirs at law of a deceased, to enforce the alleged parol agreement of the deceased to adopt the plaintiff, and to quiet title to real estate left by deceased in the plaintiff. From a decree dismissing the petition the plaintiff appeals.—*Affirmed.*

*John L. Thompson,* for appellant.

*James B. Morris* and *S. Joe Brown,* for appellees.

VERMILION, J.—By stipulation of record it appears that the deceased, E. T. Banks, and Alice Banks were husband and wife; that they were negroes, and had lived in Alabama, whence they removed to Iowa about 1882; that they had no children; that Mrs. Banks died in 1916, and E. T. Banks in 1925, intestate and without issue, leaving a homestead property.

The plaintiff and appellant testified, in substance, that she remembered living in Alabama with Mr. and Mrs. Banks; that they were the only parents she ever knew; that they called her daughter, and she called them father and mother, and was known as Mary Banks; that, when she got older, they told her she was an adopted child; that they brought her to Des Moines; that they told her and everybody else that she was their adopted daughter, and she believed it.

There is uncontradicted testimony from a number of witnesses that Mr. and Mrs. Banks frequently said that Mary was their adopted daughter, and that they had adopted her, and had brought her from Alabama; that they made these statements in her presence, and introduced her as their daughter. It is also undisputed that the plaintiff lived with the deceased and his wife from a time antedating their coming to Des Moines until her marriage, occupying in all respects such a place in the family as a daughter would, and that, after her marriage, she sustained such relations to them and performed such services for them in their old age as would be expected of a dutiful daughter under similar circumstances. This is the extent of the record upon which plaintiff relied, to support her claim

to be the adopted daughter, and therefore the sole heir, of the deceased.

Adoption is statutory. It was not known to the common law. By Section 10500, Code of 1924, it is only upon the execution, acknowledgment, and filing for record of an instrument in writing, conforming to certain requirements of the preceding sections, that the rights between parent and child by adoption, including the right of inheritance, shall be the same as between the parents and a child born in lawful wedlock. *Long v. Hewitt,* 44 Iowa 363; *Tyler v. Reynolds,* 53 Iowa 146; *Gill v. Sullivan,* 55 Iowa 341; *Shearer v. Weaver,* 56 Iowa 578; *Bresser v. Saarman,* 112 Iowa 720; *In re Estate of Lamb v. Morrow,* 140 Iowa 89; *Riley v. McKinney,* 167 Iowa 508; *Horner v. Maxwell,* 171 Iowa 660; *Webb v. McIntosh,* 178 Iowa 156; *Young v. McClannahan,* 187 Iowa 1184. See, also, *In re Estate of Taggart,* 190 Cal. 493 (213 Pac. 504, 27 A. L. R. 1360); *Fiske v. Lawton,* 124 Minn. 85 (144 N. W. 455); *Hood v. McGehee,* 189 Fed. 205, 199 Fed. 989.

While we have frequently held that adoption may not be accomplished save by an observance of statutory requirements, we have also held that the right to property may be acquired under contractual provisions of a writing that falls short of a statutory instrument of adoption, or even under a parol contract, clearly established, where there had been part performance. *Chehak v. Battles,* 133 Iowa 107; *Stiles v. Breed,* 151 Iowa 86; *Anderson v. Blakesly,* 155 Iowa 430; *Young v. McClannahan,* supra; *Daily v. Minnick,* 117 Iowa 563. It was held in some of these cases that a writing which was apparently intended as a statutory instrument of adoption, but which, by reason of a failure to acknowledge it or to record it or to conform to the statute in some other respect, was without validity as such, would, nevertheless, where it contained contractual provisions with respect to the right of the child to the property of the foster parent not required by the statute, be enforced as a contract. In such case the claimant takes, not by inheritance, as an adopted child, but by contract.

It was incumbent on the plaintiff, claiming by inheritance, and not being of the blood of deceased, to establish her claimed right of inheritance; and this she sought to do by attempting to show her adoption by deceased. She does not claim the

property under, or by virtue of, any specific contract whereby she was to receive it, but her claim is based solely upon an alleged contract to adopt her, which she asked to have enforced. Much more is included in statutory adoption than the mere right of inheritance. *Chehak v. Battles,* supra. Appellant here is relying on adoption, the whole, to secure a right of inheritance, which is merely a part or incident of the whole.

The testimony has no tendency whatever to establish a contract whereby appellant was to receive the property of deceased, save as the right of inheritance would be an incident of adoption; and the facts of the case do not bring it within the operation of the doctrine announced in *Chehak v. Battles,* supra, and the other like cases above cited.

In *Long v. Hewitt,* supra, there was a proper instrument signed and acknowledged by the surviving parent of the child, under which the child was received by the foster parents, who failed to sign and acknowledge the instrument, although intending to do so. In *In re Estate of Lamb v. Morrow,* supra, articles of adoption were duly signed which did not comply with the statutes, and they were not acknowledged or recorded. In *Tyler v. Reynolds,* supra, *Gill v. Sullivan,* supra, *Shearer v. Weaver,* supra, *Horner v. Maxwell,* supra, and *Young v. McClannahan,* supra, there was a failure to record a properly executed instrument. In *Anderson v. Blakesly,* supra, and *Webb v. McIntosh,* supra, the consent to the adoption of an abandoned child was given by the mayor of the incorporated town, who, under the statute, had no authority so to do. In all of these cases the relations of the child and the foster parents had been such in all respects as would have existed, had there been a compliance with the statute.

Greater and more binding effect cannot be given to a mere verbal agreement on the part of the foster parent to adopt the child, it being conceded that such an agreement has been established by his admissions,— or, for that matter, to his verbal admissions, as tending to establish an agreement,— than to a written instrument clearly expressing such an agreement and solemnly signed by him. If the latter is ineffectual, by reason of a failure to acknowledge or record it, to accomplish a valid adoption, although the spirit and purpose of the agreement may have been punctiliously observed and carried

out by all parties during the lifetime of the foster parent and up to the point of inheritance by the child from him, the former must be none the less invalid and ineffectual for the same reason, and also, as well, for the failure to conform to all the other requirements of the statute.

In *Webb v. McIntosh,* supra, we said:

"This did not become effective as an adoption, because of the articles' being signed by the mayor of an incorporated town, instead of the clerk of courts, as then exacted by Section 3251 of the Code; and, as the instrument purports to confer no rights upon the child save as a consequence of her adoption, she is not entitled to specific performance. In other words, the courts will not enforce specific performance of an agreement to adopt. That can only be effected by compliance with the statutes of the state."

The principle so announced is controlling here.

We are not unmindful of the fact that there is authority to the contrary. Our own decisions, particularly *Chehak v. Battles,* supra, have not infrequently been cited by text-writers and courts in support of the doctrine that an agreement to adopt will be enforced although it does not conform to statutory requirements, and may even be in parol, and without reference to whether there is a contractual obligation relating to property rights. 1 Corpus Juris 1376; *Barney v. Hutchinson,* 25 N. M. 82 (177 Pac. 890).

We have never gone so far, but, having regard to the positive provisions of the statutes on the subject of adoption, have refused to so hold, while freely in such cases enforcing contractual provisions with respect to property, whether found in instruments that fell short of effecting a statutory adoption or clearly and convincingly established by parol testimony. Many of the cases cited in support of the contrary rule, when the facts are carefully considered, do no more than this. This is notably true of *Pemberton v. Heirs of Pemberton,* 76 Neb. 669 (107 N. W. 996); *Peterson v. Bauer,* 83 Neb. 405 (119 N. W. 764); *Milligan v. McLaughlin,* 94 Neb. 171 (142 N. W. 675, 46 L. R. A. [N. S.] 1134); *Wright v. Wright,* 99 Mich. 170 (58 N. W. 54, 23 L. R. A. 196); *Burns v. Smith,* 21 Mont. 251 (53 Pac. 742); and *Middleworth v. Ordway,* 191 N. Y. 404 (84 N. E.

291), where a writing void as an instrument of adoption was enforced as a contract relating to property.

It is held in Missouri that adoption with a resulting right of inheritance may be established by acts and conduct where no legal deed of adoption has been executed and recorded in due form of law. *Kay v. Niehaus*, 298 Mo. 201 (249 S. W. 625). The same rule is followed by the Federal court in that state. *Roberts v. Roberts*, 223 Fed. 775.

In other cases, courts have somewhat persuasively applied the doctrine of estoppel, to support the claim of a foster child, where there had been an ineffectual attempt at a statutory adoption and all the obligations that would have arisen from a valid adoption had been fulfilled by the child. This has usually been where the proceedings of adoption were of a judicial nature, and in many of the cases there was present a contract relating to property rights. See *Kenning v. Reichel*, 148 Minn. 433 (182 N. W. 517, 16 A. L. R. 1016, and note in the last named publication). Estoppel is not specifically relied upon here.

While it is alleged that a parol agreement for the adoption of the appellant was made between her natural and her foster parents while they were residents of Alabama, the law of Alabama at the time of such alleged agreement is neither pleaded nor proved. We have, therefore, no occasion to consider the case in any other aspect than as affected by the law of this state. *Varner v. Interstate Exchange*, 138 Iowa 201.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, ALBERT, and MORLING, JJ., concur.