MABEL RHODA SHICK, IOLA VOLUCIA GUPPY, and RHODA
B. COTTLE, Appellants, v. ADA MAY HOWE.

**Inheritance by adopted child:** WHAT LAW GOVERNS. The right of
1  an adopted child to inherit the estate of its foster parent is de-
termined by the law of the State where the adoption was
made and where the child resides.

**Same.** A child legally adopted in New York may inherit through
2  a foster parent its share of an intestate's estate which would
have gone to the foster parent had he survived.

*Appeal from Dallas District Court.*— HON. EDMUND NICH-
OLS, Judge.

FRIDAY, FEBRUARY 14, 1908.

ELIAS CADWELL died intestate April 10, 1904, and Le-
ander E. Cardell was duly appointed administrator of his
estate.   In due time he filed a list of heirs and a petition
praying for an order of distribution.   One Sally W. Howe,
a niece of deceased, had she survived him, would have been
entitled to 12/1344 of the estate.   She left three children,
Iola B. Guppy, Rhoda B. Cottle and Demetrius C. Howe.
Iola B. Guppy died before the intestate, but left her sur-
viving a daughter of the same name and Mabel Rhoda Shick,
and no question is made but that they are entitled to 4/1344
of the estate, as is Rhoda B. Cottle.   Demetrius C. Howe
died without issue in January prior to the death of the
intestate, but left him surviving an adopted daughter, Ada
May Howe.   The issue raised by the record is whether she
is entitled to inherit the 4/1344 of this estate which her
foster father would have taken had he survived the deceased.
The court ordered that such portion of the estate be dis-
tributed to her.   The other heirs, named above, appeal.—
*Affirmed.*

*White, Clarke & Clarke,* for appellants.

*John Shortley,* for appellee.

LADD, C. J.— Had Demetrius C. Howe, a son of the niece of deceased, survived him, he would have inherited 4/1344 of the estate. He died without issue shortly before the death of the intestate, though leaving a daughter by adoption. Is she entitled to the share in the estate her foster father would have taken had he survived the deceased? Demetrius C. Howe was a resident of New York, and the adoption was in compliance with the laws of that State. The domicile of both adoptive parent and child was there, and for this reason the laws of New York fix their status and relation one to the other. This rule was laid down in *Ross v. Ross,* 129 Mass. 243 (37 Am. Rep. 321), where the court said:

1. INHERITANCE BY ADOPTED CHILD: what law governs.

> It is a general principle that the status or condition of a person, the relation in which he stands to another person, and by which he is qualified or made capable to take certain rights in that other's property, is fixed by the law of the domicile, and that this status and capacity are to be recognized and upheld in every other State, so far as they are not inconsistent with its own laws and policy. Subject to this limitation, upon the death of any man, the status of those who claim succession or inheritance in his estate is to be ascertained by the law under which that status was acquired. His personal property is indeed to be distributed according to the law of his domicile at the time of his death, and his real estate descends according to the law of the place in which it is situated; but, in either case, it is according to those provisions of that law which regulate the succession or the inheritance of persons having such a status.

See, also, *Gray v. Holmes,* 57 Kan. 217 (45 Pac. 596, 33 L. R. A. 207); *Fosburgh v. Rogers,* 114 Mo. 122 (21 S. W. 82, 19 L. R. A. 201); *Van Matre v. Sankey,* 148 Ill. 536 (36 N. E. 628, 23 L. R. A. 665, 39 Am. St. Rep. 196); *Melvin v. Martin,* 18 R. I. 650 (30 Atl. 467).

The status or relationship being established, the right of inheritance of the adopted child, in so far as this case is concerned, is substantially the same in New York as in this State. The portion of section 64 of the Laws of New York of 1896, chapter 272 (Domestic Relations Law, 1897), relating to this subject reads:

2. SAME.

The foster parent or parents and the minor sustain toward each other the legal relation of parent and child and have all the rights, and are subject to all the duties of that relation, including the right of inheritance from each other, except as the same is affected by the provisions in this section in relation to adoption by a stepfather, or stepmother, and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting, but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen.

Under our statute as it stood at the time of the intestate's death, " the rights, duties and relations between the parent and child by lawful birth and the right of inheritance from each other shall be the same as between parent and children born in lawful wedlock." Section 3253, Code, as amended by chapter 132, Acts 29th General Assembly. The important inquiry is whether under the statute quoted the adopted child will take by descent through the foster parent. The point has in effect been decided by this court in construing the legitimation statutes. Section 3384 of the Code provides that " illegitimate children inherit from their mother and she from them," and section 3385 that: " They shall inherit from the father when the paternity is proven during his life, or they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing. Under such circumstances, if the recognition has been mutual, the father may inherit from his illegitimate

children." In *McGuire v. Brown,* 41 Iowa, 650, an illegiti-
mate child was held entitled to take by descent through the
mother, though her decease occurred prior to the death of
decedent; the decision resting on a statute which is now
section 3381 of the Code, which provides that, " if both par-
ents are dead, the portion which would have fallen to their
share by the above rules shall be disposed of in the same
manner as if they had outlived the intestate and died in the
possession and ownership of the portion thus falling to their
share, and so on, through ascending ancestors and their issue."
In *Johnson v. Bodine,* 108 Iowa, 594, the same rule was ap-
plied, the court adjudging that an illegitimate child was
entitled to inherit through the father the same as though the
latter had survived the decedent. See, as sustaining this
conclusion, *Moore v. Moore,* 169 Mo. 432 (69 S. W. 278, 58
L. R. A. 451). As neither the bastard nor the adopted child
inherit by blood, the rights by inheritance of both are purely
statutory, and the above decisions are decisive in this case.
As tending to support this conclusion, see *In re Winchester's
Estate,* 140 Cal. 468 (74 Pac. 10); *Von Beck v. Thomsen*
(Sup.) 60 N. Y. Supp. 1100; *Sewell v. Roberts,* 115 Mass.
262. In *Moore v. Weaver,* 53 Iowa, 11, the court, in decid-
ing that a widow took a third of property which would have
descended to her deceased husband had he been alive, held
our statutes of descent must be construed literally, regardless
of blood relationship, and this disposes of appellant's con-
tention with reference to *Wicke v. Wicke,* 102 Iowa, 173.
See, also, *Hilpire v. Claud,* 109 Iowa, 159. *In re Estate of
Sunderland,* 60 Iowa, 732, the statute under which the
adoption was effected provided that the claimant should in-
herit from the adoptive parents or either of them " as if she
were their legitimate daughter"; but, if she died without
issue before one of them, the property she might have inher-
ited should pass to their heirs as though there had been no
adoption. This was construed to limit the inheritance to the

foster parents, and not confer the right to take through them.

Though some things there said are inconsistent with our conclusion as they are with *McGuire v. Brown, supra,* as was observed in *Johnson v. Bodine, supra,* a careful reading of the opinion indicates that the decision was based on the construction of the special act of the General Assembly of Louisiana, otherwise the reasoning of the dissenting opinion, which was in the line of the argument in *McGuire v. Brown,* must have prevailed. It may be conceded that the weight of authority is the other way. *Van Derlyn v. Mack,* 137 Mich. 146 (100 N. W. 278, 66 L. R. A. 437, 109 Am. St. Rep. 669); *Helms v. Elliott,* 89 Tenn. 446 (14 S .W. 930, 10 L. R. A. 535). And possibly but for the previous analogous holdings of this court a different conclusion might be reached. But these decisions are in harmony with the humane and enlightened policy of the statutes referred to, and as a liberal construction calculated to aid in effectuating their designs is enjoined upon the court, they should be adhered to. The district court rightly held the adopted daughter entitled to the share her foster father would have taken had he survived the intestate.— *Affirmed.*