L. R. VARNER, Appellee, v. INTERSTATE EXCHANGE and G. E. TOWNSEND, Appellants.

**Principal and agent:** FALSE STATEMENTS OF AGENT: LIABILITY. An
1  agent falsely representing that the title to land which he is procuring for his principal is good, subject only to a mortgage which has not been foreclosed, is liable to his principal for the damage he may suffer by reason of the fact that there had been a foreclosure.

**Evidence:** FOREIGN DEED: COPY. A copy of a sheriff's deed on
2  foreclosure in a foreign State, duly certified by the clerk of the court in which the proceeding was had and the official character of the clerk is also certified by a judge of the court, when offered in evidence in this State, is not subject to the objection that it is not the best evidence.

**Conveyance under foreign law:** PRESUMPTION AS TO VALIDITY. The
3  law of a foreign state will be presumed to be the same as that of Iowa in the absence of proof to the contrary; so that a sheriff's deed to property in a foreign state made on notice and sale pursuant to a power of attorney contained in a mortgage will not be treated as a valid conveyance by the courts of this State, without proof that the law of the foreign state authorizes a transfer of title in that manner.

Foreign laws: HOW PROVEN. The courts of this State will not take
4   judicial notice of the statutes, decisions, rules or methods of
practice of another State, and while they may be proved as other
facts still they must be pleaded and shown in evidence upon the
trial to be available in our courts.

*Appeal from Harrison District Court.*—HON. N. W. MACEY,
Judge.

FRIDAY, APRIL 10, 1908.

ACTION at law to recover for failure of title to land
conveyed to the plaintiff, and for false representations with
respect to such title. Verdict and judgment for plaintiff,
and defendants appeal.— *Reversed.*

*C. W. Kellogg,* for appellants.

*Cochran & Egan,* for appellee.

WEAVER, J.— The plaintiff alleges that he entered into
a written contract with the party or parties doing business
under the name of the Interstate Exchange Company for the
exchange of a valuable stallion then owned by
him for a tract of land in Missouri; the land
to be conveyed by warranty deed with abstract
of title, subject to mortgage or trust deed,
not exceeding $500. As a part of said writing it
was represented that no foreclosure proceedings had been be-
gun against said property. But plaintiff avers that defend-
ants failed to make or convey to plaintiff the title to said
land as agreed, that the mortgage incumbrance thereon had
in fact been foreclosed, and that the title had passed there-
under to a third party. It is further alleged that pursuant
to said contract said stallion was delivered to the defendants,
who converted it to their own use. The answer admits that
said Townsend is the Interstate Exchange Company or a mem-
ber thereof, alleges that the relation of the said company to
the transaction in controversy was that of agent for the plain-
tiff, and denies all allegations of fraud and misrepresenta-

1. PRINCIPAL
AND AGENT:
false state-
ment of
agent:
liability.

tion on its part.  The evidence is sufficient to justify the finding that while Townsend, otherwise the Interstate Exchange Company, was nominally acting as agent, he was in fact disposing of the Missouri land on his own account. But even if, in fact, an agent, he expressly undertook and agreed with his principal that the title to the land which he was inducing him to receive in exchange for the horse was good, subject only to a certain mortgage or trust deed on which no foreclosure proceedings had been instituted, and there can be no good reason in law or equity why he should not be held to make good such representation, if it proved to be false.  If, therefore, at the date of the contract the mortgage had already been foreclosed, and plaintiff has thereby been deprived of the title for which he bargained, or has been otherwise injured, appellant should be held to account in damages.

The only serious question in the case is whether the record disclosed competent evidence of the alleged foreclosure.  The proof offered of such proceedings is a copy of the record of a deed executed by the sheriff of Camden county, Mo., purporting to sell and convey the land pursuant to the laws of Missouri, and to a power of sale contained in a trust deed made by a former owner.  The copy is duly certified by the clerk of the circuit court, and the official character of said officer is certified by a judge of the said court.  Under the showing made and the concessions in the abstract we think the objection, so far as it was based on the fact that the deed offered was a copy only, and not the original instrument, was properly overruled.

2. EVIDENCE: foreign deed: copy.

But, conceding its sufficiency to show the contents of the deed, we are constrained to hold that it fails to establish a transfer of the title to the grantee therein named.  In the first place there is no competent evidence that under the laws of the State of Missouri the sheriff may foreclose a trust

3. CONVEYANCES UNDER FOREIGN LAWS: presumption as to validity.

deed by notice and sale, or that a conveyance so made and executed pursuant to such sale is sufficient to pass title to the grantee. In this State a mortgage or deed of trust made to secure the payment of a debt can be foreclosed only by action in equity, and sheriff's sale made upon mere notice without decree of court directing the same is of no validity in this jurisdiction. Code, section 4287. In the absence of evidence as to the law and practice in this respect in Missouri, we are required to presume that they correspond with our own, and that such deed is invalid there also. *Bean v. Briggs,* 4 Iowa, 464; *Crafts v. Clark,* 31 Iowa, 77; *Sayre v. Wheeler,* 32 Iowa, 559.

The statutes of another State may be proved by printed copies thereof duly authenticated. Code, section 4651. A party relying upon such statutes must plead and prove them as any other issuable fact. The courts of this State cannot take judicial notice of them. *Carey v. Railroad Co.,* 5 Iowa, 357; *Taylor v. Runyan,* 9 Iowa, 522; *Greasons v. Davis,* 9 Iowa, 219; *Hadley v. Gregory,* 57 Iowa, 157; *Bank v. Ins. Co.,* 83 Iowa, 491. The unwritten law and non-statutory rules and approved methods of practice of another State may be proved as facts by parol evidence, or by reports of adjudged cases in the courts of such State. Code, section 4652. But a citation of such reports in this court as proof of the law of another State is of no avail, unless they have been put in evidence on the trial. The record before us contains no competent evidence upon which the court or jury could have based the finding that the trust deed had been foreclosed, or that the title to the land had thereby been lost, and the verdict is therefore without sufficient support.

For the reason stated, the judgment of the district court is *reversed.*

4. FOREIGN LAWS: how proven.