B. G. CLARK, Appellant, v. ALPHONSO HADLEY, Appellee.

EVIDENCE: Judicial Notice—Laws of Foreign State. Laws of a foreign state must be duly introduced in evidence before they can be given any recognition. So held where alleged fraudulent representations pertained to water rights, etc., which were governed by foreign statutes.

*Appeal from Warren District Court.*—W. H. FAHEY, Judge.

SATURDAY, OCTOBER 27, 1917.

ACTION for false representations in the exchange of lands. Trial to a jury, verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*O. C. Brown,* for appellant.

*A. V. Proudfoot,* for appellee.

EVANS, J.—In the spring of 1911, the defendant was an agent for the sale of a certain section of land in Wyoming, belonging to one Thompson. An exchange was effected with the plaintiff for one quarter section of such land, for which the plaintiff conveyed a certain town lot in Iowa. The alleged false representations were made by the defendant in the course of such negotiations. The petition was in two counts. The first count charged false and fraudulent representations. The second count charged a guaranty by the defendant substantially to the same effect as the false representations. The verdict of the

jury was adverse to the plaintiff on both counts. No complaint is made here as to the result of the verdict on the second count.

The Wyoming land was desert land, and was dependent upon irrigation for its value. Certain water rights were appurtenant thereto. The plaintiff went to Wyoming for the purpose of seeing the land, and he did see the section as a whole. He afterwards selected the southeast quarter of the section. He claims, however, that he was never actually on that quarter, but saw it only from a distance. The material representations alleged to be false all bear upon the question of water rights and priorities. These rights and priorities were all dependent for their ascertainment upon the irrigation statutes of the state of Wyoming.

The appellant has specified no errors relied on for reversal, but has discussed the general merits of the case. He does complain that the trial court ought to have explained to the jury in the instruction the Wyoming laws on the subject of irrigation and priorities. The difficulty with his position is that he did not offer in evidence any of the Wyoming statutes nor any Wyoming decision on the subject. There was nothing, therefore, before the court concerning these Wyoming laws which the court could properly take notice of for the purpose of instructions or otherwise. This omission goes very deeply, also, into plaintiff's case in other respects. It is very doubtful whether, upon this record, a verdict for the plaintiff could have stood if one had been rendered. So far as the general merits of the case are concerned, the verdict of the jury has abundant support in the evidence. No useful purpose can be subserved by a detailed discussion thereof. We reach the conclusion that the judgment appealed from must be—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.