JAMES McCUNE et al., Plaintiffs, v. VERGEL E. OLDHAM et al., Defendants; HONOUR M. KELLEY, Appellee; HORACE EDGAR HANSON, Appellant.

No. 41199.

S. E. Prall, for appellee.

W. L. Ryan, for appellant.

DE GRAFF, J.—This is a partition suit involving certain described Warren County, Iowa, real estate, of which Emma Sipe, intestate, died seized. The record facts on this appeal are simple and not in dispute. The primary question involves the statute of descent of Iowa. The facts disclose that one Emma Sipe died August 7, 1930, intestate, parentless, spouseless and childless. Her brother James McCune and her sister Iola M. Chapin, plaintiffs in this cause, were then living. Her sister Jennie Cummings was dead, but was survived by a daughter, Frances Curtis. Her sister Ida Oldham died prior to Emma Sipe, but left surviving her the following named children: Vergel E., Joseph J., Court, and Harold Oldham, Lela Kingdon, Greta O'Connor, and Coral Fuller. Her brother C. E. McCune died prior to Emma, but left surviving him a daughter, Honour M. Kelley, and a legally adopted son, Horace Edgar Hanson.

The primary legal dispute involved herein is between Horace Edgar Hanson, the adopted child of C. E. McCune, deceased, and Honour M. Kelley, the natural child of C. E. McCune. The defendant-appellee Honour M. Kelley contends that by reason of the fact that Horace Edgar Hanson is the adopted son of C. E. McCune and Alice, his wife, both of whom are de-

ceased, he is not entitled, under the law of descent of Iowa, to share in that portion of Emma Sipe's intestate property which fell to his adopting father, C. E. McCune, deceased, who was an heir of the estate of Emma Sipe. The adopted son, Horace, contends that he is entitled to share equally in the estate of his adopting father, C. E. McCune, with Honour M. Kelley, the natural child of said McCune. This is the crux of the instant controversy.

The right to take property by devise or by descent is a statutory privilege. In re Estate of Bradley, 210 Iowa 1013, l. c. 1017. See, also, In re Estate of Emerson, 191 Iowa 900, l. c. 905. We therefore must turn to the statutes governing descent to determine whether the adopted son of C. E. McCune is entitled to share equally with the natural child of C. E. McCune, deceased.

It is conceded that the estate of the intestate Emma Sipe owed no debts. It is conceded that the appellant Horace Edgar Hanson is the legally adopted son of C. E. McCune and his wife Alice, both of whom are dead. It is also conceded that the defendants heretofore named, except the adopted son, Horace, are the collateral heirs of the intestate Emma Sipe. Section 12025, Code, 1927, provides:

"If both parents are dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue."

Therefore, we must assume that the parents momentarily outlived the intestate and died in possession and ownership of the property of Emma Sipe. But both having died, their respective portions descended "in equal shares to his (their) children, unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the rules herein prescribed, in the same manner as tho such child had outlived its parents." Section 12016, Code, 1927.

Section 10500, Code, 1924, was repealed by Chapter 218, Acts of the 42nd G. A., which legislation (Chap. 218, 42nd G. A.) was approved April 7, 1927, and became effective and in

force July 1, 1927. Section 6 of said Chapter 218 is captioned "Status of the Adopted Child," and may now be found in Section 10501-b6, Code, 1927. It now reads, relative to the status of an adopted child:

"Upon the entering of such decree (of adoption), the rights, duties and relationships between the child and parent by adoption shall be the same that exist between parents and child by lawful birth and the right of inheritance from each other shall be the same as between parent and children born in lawful wedlock." Section 10501-b6, Code, 1931.

The decision in Cook v. Underwood, 209 Iowa 641, l. c. 645, construing Section 10501-b6, supra, may be clearly differentiated on the facts from the instant case.

The provision of Chapter 136, Acts of the 29th G. A., is captioned "Descent of Estates of Children by Adoption." The enacting clause reads: "An act relating to the rules of descent of estates of children by adoption." The law of descent enacted aforesaid is found in Section 12027, Code, 1927, but in passing it may be said that this statutory rule of descent finds no application in the case at bar.

In Schick v. Howe (1908), 137 Iowa 249, a daughter by adoption of an intestate was involved. Quoting from Ross v. Ross, 129 Mass. 243, 37 Am. Rep. 321, it is said:

" 'His personal property is indeed to be distributed according to the law of his domicile at the time of his death, and his real estate descends according to the law of the place in which it is situated; but, in either case, it is according to those provisions of that law which regulate the succession or the inheritance of persons having such a status.' "

This court in the Schick case, supra, said:

"Under our statute as it stood at the time of the intestate's death, 'the rights, duties and relations between the parent and child by lawful birth and the right of inheritance from each other shall be the same as between parent and children born in lawful wedlock.' Section 3253 Code, as amended by Chapter 132, Acts 29th General Assembly. The important inquiry is whether under the statute quoted the adopted child will take by descent through the foster parent. * * * But these decisions

(cited therein) are in harmony with the humane and enlightened policy of the statutes referred to, and as a liberal construction calculated to aid in effectuating their designs is enjoined upon the court, they should be adhered to. The District Court rightly held the adopted daughter entitled to the share her foster father would have taken had he survived the intestate.''

So in the instant case the adopting father, C. E. McCune, if living, at the time of the death of Emma Sipe was entitled to share a fractional part in the estate of Emma Sipe; but the facts disclose that the foster father was dead, and consequently the adopted boy Horace Edgar Hanson was ''entitled to a fractional part of the share his foster father would have taken had he survived the intestate; Emma Sipe.''

A rule as to the descent of property is involved in this case, and in view of the decision of this court in the Schick case, supra, we adhere to the rule announced therein. We do not overlook the contrary rule announced by courts of last resort in some of our sister states. See In re Estate of Bradley, 201 N. W. 973 (Wis.), 38 A. L. R. 1, with annotation involving the right of an adopted child to inherit from its adopting parents.

The decree entered by the trial court is reversed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.