IN RE ESTATE OF CHARLES H. DRUMHELLER, deceased.

ELIZABETH JOSEPHINE TERRY, appellant, v. MARY L. METTE, administratrix, appellee.

No. 50353.

(Reported in 110 N.W.2d 833)

SEPTEMBER 19, 1961.

1380

Edward Seddon, of Murfreesboro, Tennessee, and Mitchell & Beving, of Des Moines, for appellant.

Kennedy & Clark, of Estherville, for appellee.

THORNTON, J.—The decisive question in this case is one of judicial notice. The trial court took judicial notice of Indiana statute and common law. The court held as a finding of fact and conclusion of law under Indiana statute law in effect at the time and decisions of the highest appellate court of Indiana construing the statutory law, appellant could not inherit from a collateral relative of her adoptive parent, and based on The Estate of Sunderland, 60 Iowa 732, 13 N.W. 655, as her right to inherit was limited at the place of adoption, it is so limited here and she was not entitled to inherit from decedent.

Appellant contends the trial court was in error in considering and applying Indiana statute and common law where such were neither pleaded nor proved. We agree.

The question arises on the final report and proposed distribution of the administratrix of the estate of Charles H. Drumheller, deceased, omitting appellant as an heir, and appellant's objections thereto. The decedent died intestate, a resident of Pennsylvania, original administration was had on his estate in that State. This is an ancillary administration to administer Iowa real estate, his only property here.

Decedent left no spouse surviving, he had no children and both of his parents predeceased him. The search for heirs under section 636.40, Code of Iowa, 1958, disclosed heirs on his mother's side entitled to one half of the estate. This one half is not in issue. Our concern is with the one half to be disposed of on his father's side. Here it was stipulated decedent's cousin, Geraldine

Drumheller Terry, would have inherited this one half if she survived decedent, and she adopted appellant, Elizabeth Josephine Terry, in Indiana as an adult in 1940, her only child, natural or adopted.

I. A child adopted in Iowa inherits from collateral relatives the same as a natural born child. The status is created by section 600.6, Code of Iowa, 1958, the right to inherit by sections 636.31, 636.32 and 636.40, Code of Iowa, 1958. Shick v. Howe, 137 Iowa 249, 114 N.W. 916, 14 L. R. A., N. S., 980. See also Cook v. Estate of Todd, 249 Iowa 1274, 90 N.W.2d 23, 66 A. L. R.2d 1257; In re Estate of Fitzgerald, 223 Iowa 141, 272 N.W. 117; Shaw v. Scott, 217 Iowa 1259, 252 N.W. 237; and McCune v. Oldham, 213 Iowa 1221, 240 N.W. 678. The status of adoption created by the law of one State, with jurisdiction, will be recognized by the courts of another State, to such extent at least as is not inconsistent with the laws or policy of the latter State. Cook v. Estate of Todd, 249 Iowa 1274, 1277, 90 N.W.2d 23, 25, 66 A. L. R.2d 1257, and citations; and annotation, 154 A. L. R. 1179. The descent of real property is governed by the law of the place where it is situated. Cook v. Estate of Todd, supra; In re Estate of Clemmons, 242 Iowa 1248, 1251, 49 N.W.2d 883, 885, and citations; and Restatement, Conflict of Laws, section 245.

II. In response to the contention of appellant that the court erred in taking judicial notice of Indiana law appellee contends that matters of which judicial notice is taken need not be stated in any pleading, citing rule 94, Rules of Civil Procedure, the issue cannot be raised for the first time on appeal, and the issue was tried by implied consent. Appellee does not contend she did plead and prove the statutory and common law of Indiana.

Her contention that matters of which judicial notice is taken need not be stated in any pleading requires examination of rule 94. It is a combination and modification of section 11198, Code of Iowa, 1939, "In pleading a statute, or a right derived therefrom, it shall be sufficient to refer thereto so as to plainly designate it, and the court shall thereupon take judicial notice thereof.", and section 11211, Code of Iowa, 1939,

"Matters of which judicial notice is taken need not be stated in a pleading." The rule reads:

"Matters of which judicial notice is taken need not be stated in any pleading. But a pleading asserting any statute, or a right derived therefrom, shall refer to such statute by plain designation. The court shall judicially notice the statutes of any state, territory or other jurisdiction of the United States so referred to."

The advisory committee comment under rule 94 in 1 Cook, Iowa Rules, Rev. Ed., page 620, is: "Code 1939, §§ 11198, 11211, modified to include judicial notice of all American statute law. The court need, however, notice only the statute. Any foreign judicial decision construing it must be pleaded as heretofore. The trial judge may require the parties to furnish him information satisfactory to him, apart from the pleading, as to the statute referred to. See Rule 136(d) as to Pretrial Conferences."

Under section 11211, Code of Iowa, 1939, and the first sentence of rule 94 the reference is to general matters of which the court may take judicial notice and not to statutes. An examination of all cases cited under section 11211 in the Official Annotations, Volumes I, II and III, does not disclose anywhere judicial notice was taken of a foreign statute.

██ Under section 11198, Code of Iowa, 1939, where the statute was referred to the court was required to take judicial notice of it, and the same is true under rule 94. In re Estate of Clemmons, 242 Iowa 1248, 1252, 49 N.W.2d 883, 886. It permits the statute to be so pleaded. Clark v. Riddle, 101 Iowa 270, 272, 70 N.W. 207. See also Kingery v. Donnell, 222 Iowa 241, 268 N.W. 617. The reference in the pleading is the prerequisite to the court taking judicial notice of a statute. Neither the old statute nor the new rule has anything to do with pleading and proving the common law or decisions construing a statute of a sister State. Courts do not take judicial notice of the statutory or common law of a sister State in the absence of statute or rule. Varner v. Interstate Exchange, 138 Iowa 201, 204, 115 N.W. 1111; Evidence—Judicial Notice of Foreign Laws—Presumptions as to Law of a Foreign Country or Sister

State, 2 Iowa Law Bulletin, 216, 217; Annotation, Uniform Judicial Notice of Foreign Law Act, 23 A. L. R.2d 1437; 2 Conrad, Modern Trial Evidence, section 1002, page 203; and McCarthy, Iowa Pleading, Volume 4, section 2877, page 256.

 III. It is necessary to examine the steps taken in the trial court. November 6, 1959, appellee's final report was filed, therein she stated the appellant, "* * * is considered herein, * * * not to be an heir * * *." No reason was stated. On the same date the court set the time for hearing at 10 a.m. December 7, 1959. On November 13, 1959, appellant filed her answer objecting to the final report, setting forth her adoption in Indiana and attaching a certified copy of the decree and that she was entitled to one half of the estate under Iowa law. On November 25, 1959, counsel for the parties filed a stipulation agreeing appellant was adopted in Indiana, the date thereof and her adoptive parent would have inherited one half of the estate had she survived the intestate. On the same date appellee filed her trial brief citing sections of the Indiana statutes relative to adoption and three Indiana decisions construing the sections of the statutes. In an opening paragraph is this statement, "Looking to Indiana, to determine the status created by the adoption * * *." The citations and Indiana law are then analyzed and discussed and it is concluded the Indiana law does not give the adopted adult child a right to inherit from the relatives of the adoptive parent. At no point in the brief does the appellee ask the court to take judicial notice of the Indiana statutory or case law. (We do not mean such is sufficient.) And on that date appellee filed her application for separate adjudication of law points and for judgment on the pleadings. Therein she asked the court to rule that no portion of the Iowa real estate descended to or vested in appellant and judgment be entered in appellee's favor dismissing appellant's answer and approving the report. No reasons were stated. On December 7, 1959, appellant filed her trial brief. No part of that brief is before us. Appellee, in her brief and argument filed in this court, states, "The Appellant's Trial Brief * * * did not challenge the Indiana statutes cited by the appellee or the interpretation of the above mentioned cases, but merely argued

1384 

the Indiana statutory and case law did not control the issues in this case." From the court's findings and judgment filed October 13, 1960, we find the case proceeded to hearing on December 7, 1959, the appearances of counsel are noted, no evidence other than the stipulation was offered, the positions of the parties are stated, the Indiana law is considered and applied and the result reached holding appellant was not entitled to take as an heir.

We have examined and re-examined this record including the supplemental record filed by appellee pursuant to an ex parte order in the trial court and we cannot find a time when the appellant should have raised the question of judicial notice of the Indiana statutes and common law.

There was no designation of a statute in the pleading, rule 94, Rules of Civil Procedure, no request to the trial court to judicially notice a particular statute or an offer of such pursuant to sections 622.59 or 622.60, Code of Iowa, 1958. And there was neither a pleading nor offer of the Indiana decisions pursuant to section 622.61, Code of Iowa, 1958. The first opportunity appellant had to know the court would apply the Indiana law was October 13, 1960, when the findings and judgment were filed. From the statement of appellee concerning appellant's trial brief she was contending Indiana law was not applicable. She is taking the same position here.

What has been said concerning the state of the record applies to implied consent. The only authority cited by appellee is rule 249, Rules of Civil Procedure. This rule provides:

"In deciding motions under rule 243 [judgment notwithstanding verdict] or 244 [new trial], the court shall treat issues actually tried by express or implied consent of the parties but not embraced in the pleadings, as though they had been pleaded. Either party may then amend to conform his pleadings to such issues and the evidence upon them; * * *."

 It is apparent the rule relates to a situation where a party has offered evidence on an unpleaded issue of fact and his opponent has not objected to the evidence or has offered evidence on the issue. Under such circumstances the issue is actually tried and it is considered as though pleaded. Reed v.

Harvey, 253 Iowa —, 110 N.W.2d 442; Federated Mutual Implement and Hardware Ins. Co. v. Erickson, 252 Iowa 1208, 110 N.W.2d 264, and citations in these precedents.

 The law, statutory or common, of a sister State is a question of fact. Clark v. Hadley, 181 Iowa 487, 164 N.W. 757; and Varner v. Interstate Exchange, 138 Iowa 201, 115 N.W. 1111. No authority has been cited to us and we have found none that holds an issue of fact can be tried by implied consent where there is no pleading or proof of that fact.

 In the absence of pleading and proof of the law of a sister State it is presumed to be the same as the law of the forum. Morris v. Trotter, 202 Iowa 232, 237, 210 N.W. 131, 133; Tansil v. McCumber, 201 Iowa 20, 33, 34, 206 N.W. 680, 686; and Varner v. Interstate Exchange, 138 Iowa 201, 204, 115 N.W. 1111, 1112.

 Under the record made, the adoption, the status of appellant and her relationship to decedent to come within section 636.40, Code of Iowa, 1958, were the only facts before the court. Under Iowa law appellant is entitled to inherit the one-half interest in the estate.

We are not to be understood as holding that if the Indiana law of adoption and descent had been pleaded and proved it would control the devolution of Iowa realty.

The judgment of the trial court bearing on appellant's interest in the estate of decedent is reversed and the case is remanded for entry of judgment awarding her a one-half interest in the net estate.—Reversed and remanded.

OLIVER, J. (concurring specially)—I concur in this opinion but would reverse the judgment upon the merits, also. My views of the controlling legal propositions are set out in Division I of Cook v. Estate of Todd, 249 Iowa 1274, 1277, 90 N.W.2d 23, 25, 66 A. L. R.2d 1257, 1262, and authorities there cited. Appellee relies largely upon The Estate of Sunderland (1884) 60 Iowa 732, 13 N.W. 655.

The last reference to the Sunderland case by this court was in Mesecher v. Leir (1950) 241 Iowa 818, 826, 827, 43 N.W.2d 149, 154, which states:

"They [defendants] further argue that the capacity to inherit is governed by the adoption law of the state where the adoption became effective, citing * * * The Estate of Sunderland * * *.

"We think the defendants are in error in their argument. Even though a court should consider the laws of inheritance of the state of adoption, we do not think that such consideration would be of value."

In support of this the Mesecher case cites sections in C. J., C. J. S., and Am. Jur., Adoption of Children, and quotes Restatement, Conflict of Laws, section 143: "The status of adoption, created by the law of a state having jurisdiction to create it, will be given the same effect in another state as is given by the latter state to the status of adoption when created by its own law."

Shick v. Howe (1908) 137 Iowa 249, 250, 251, 253, 114 N.W. 916, 14 L. R. A., N. S., 980, a leading Iowa case, states:

"* * * Demetrius C. Howe was a resident of New York, and the adoption was in compliance with the laws of that State. The domicile of both adoptive parent and child was there, and for this reason the laws of New York fix their status and relation one to the other. This rule was laid down in Ross v. Ross, 129 Mass. 243, 37 Am. Rep. 321, where the court said:

" 'It is a general principle that the status or condition of a person, the relation in which he stands to another person, and by which he is qualified or made capable to take certain rights in that other's property, is fixed by the law of the domicile, and that this status and capacity are to be recognized and upheld in every other State, so far as they are not inconsistent with its own laws and policy. Subject to this limitation, upon the death of any man, the status of those who claim succession or inheritance in his estate is to be ascertained by the law under which that status was acquired. His personal property is indeed to be distributed according to the law of his domicile at the time of his death, and his real estate descends according to the law of the place in which it is situated; but, in either case, it is according to those provisions of that law which regulate the succession or the inheritance of persons having such a status.'

"* * *

"The important inquiry is whether under the statute quoted [section 3253, Code, as amended by chapter 132, Acts 29th G. A.] the adopted child will take by descent through the foster parent. The point has in effect been decided by this court in construing the legitimation statutes."

With reference to the Sunderland case the decision states, in part:

"Though some things there said are inconsistent with our conclusion as they are with McGuire v. Brown, supra, as was observed in Johnson v. Bodine, supra, a careful reading of the opinion indicates that the decision was based on the construction of the special act of the General Assembly of Louisiana, otherwise the reasoning of the dissenting opinion, which was in the line of the argument in McGuire v. Brown, must have prevailed."

The majority opinion in Sunderland cited but one authority, Keegan v. Geraghty, 14 Chicago Legal News 84, 101 Ill. 26. It misinterpreted that decision. The Keegan case held the right of a child adopted in Wisconsin to share in the estate of an Illinois decedent was governed by Illinois statutes. The Sunderland dissent called attention to this and reference to it is made in Van Matre v. Sankey, 148 Ill. 536, 559, 36 N.E. 628, 634, 39 Am. St. Rep. 196, 207, 23 L. R. A. 665, as follows:

"* * * This court [in Keegan] expressly recognized the *status* established in Wisconsin, so far as it related to the right to inherit from the parent by adoption, because consistent with the laws of this State relating to descent to adopted children, but denied the right to take by representation from collateral kindred of the parent, for the reason that such taking was prohibited by and inconsistent with the laws of this State."

Phelan v. Conron, 323 Mass. 247, 252, 81 N.E.2d, 525, 527, refers to the Keegan case as follows:

"In the case last cited it was held that the rights of one adopted in Wisconsin to inherit from one who died domiciled in Illinois must be governed by the law of Illinois rather than by the law of Wisconsin. The rule in Illinois appears to be similar to the rule set forth in our own decision in Ross v. Ross,

129 Mass. 243, 37 Am. Rep. 321 [hereinbefore quoted in Shick v. Howe], and to that formulated by the American Law Institute. [Restatement, Conflict of Laws, section 143, already quoted from Mesecher v. Leir] Thus, since the status of the intestate created by the law of Massachusetts does not appear to be inconsistent with or opposed to the laws or policy of Illinois, it would be recognized there. But inasmuch as the intestate died domiciled in Illinois, the rights of inheritance flowing from her status are determined by the law of Illinois, at least as to personal property."

Restatement, Conflict of Laws, section 247 states:

### "CLAIM OF ADOPTED CHILD TO INHERIT.

"Whether an adopted child is an heir and the extent to which he may inherit an interest in land is determined by the law of the state where the land is.
*"Comment:*

"a. The rule stated in this Section applies equally to a child adopted under the law of the state where the land is and to one who has been made an adopted child by the law of another state, as stated in §142.

"b. The law of the state in which the land is may allow an adopted child to take only in so far as he has been given power to do so by the foreign adoption proceedings.

"c. Whether an adopted child can inherit from a collateral relative or transmit an inheritance to a collateral relative by adoption is determined by the law of the state where the land is.

"d. * * *."

In 1 Am. Jur., Adoption of Children, section 69, it is stated:

"There is no disagreement as to the principle that descent of real property is governed by the law of the place where it is situated. Some courts emphasize this undisputed principle and regard the question as one of descent, and not of status, and, as such, governed by the lex rei sitae or lex domicilii decedentis. This principle may operate not only in diminution of the rights of the child, but also in extension thereof. If, for example,

under the lex rei sitae or lex domicilii decedentis, an adopted child cannot inherit through his adopting parent, one adopted in a foreign state cannot thus inherit. On the other hand, if he can, by those laws, inherit, he may so inherit notwithstanding that he could not inherit in the state where the adoption proceedings were had. It is the law of descent and distribution of the state where the owner resides or the property is situated that controls."

The Sunderland case has had little impact upon our decisions. It has been excused or explained but not followed. I believe it is unsound and I would overrule it.

All JUSTICES concur in both opinions.