**John ROTH, Appellant,**

**v.**

**BLUFFS CITY MOTORS, INC., a Corporation, Appellee.**

**No. 54390.**

Supreme Court of Iowa.

May 5, 1971.

Keith E. Burgett, Hogzett & Burgett, Oakland, for appellant.

Richard W. Peterson, Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellee.

STUART, Justice.

Plaintiff has appealed from the judgment of the trial court awarding him $36.61 as the balance due him under a written construction contract.

I. Plaintiff claims the court erred in overruling his Motion for Judgment on the pleadings. His verified petition alleged an open account and attached a bill of particulars. In response to a motion for more specific statement plaintiff alleged the materials were furnished and the services were performed by plaintiff as directed by defendant "without the benefit of a written agreement".

Defendant's answer admitted plaintiff performed the services and furnished the materials listed but denied the bill of particulars "is a true and correct statement thereof" and stated "there are a number of items remaining to be done and performed by plaintiff as a part of his agreement, which he has not performed or supplied". Defendant also denied paragraphs three and four which state:

"3. That the prices and values affixed to the respective items in said bill of particulars for labor and materials are the reasonable prices and values thereof and said goods and merchandise, after giving credit to the defendant for payments received by the plaintiff, are of the aggregate value of $3255.87.

"4. That said account is still plaintiff's property and no part of the balance has been paid and said amount is justly due this plaintiff."

At trial, plaintiff introduced the verified petition and amendment, rested and moved for judgment on the pleadings. The motion was properly overruled. The answer, while admitting the goods and services were furnished, raises other issues to be resolved by evidence. We need not decide whether it was necessary for defendant to allege a written contract in order to assert it on trial in view of the manner in which the parties proceeded.

II. When the trial judge ruled on the motion for judgment on the pleadings he stated: "I thought the question was what was the contract between the parties, what was it they were supposed to do." Plaintiff's counsel pointed out he had alleged an open account. Defendant's counsel then stated "it is still back to the matter as to what was the understanding of the parties what was to be done, and the items furnished so it seems it does become a contractual interpretation matter".

"The Court: That's what I thought it was, * * *."

Defendant then proceeded to introduce evidence including a letter from plaintiff which he claims constituted a firm offer to do stated work for $37,940. Plaintiff claimed this was only an estimate and he was to receive the fair and reasonable cost of goods and services furnished with 10 per cent added for profit and 2 per cent added for overhead. The trial court accepted defendant's version of the transaction. As this case does not involve either any new principles of law or application of established principles to novel facts, it would serve no useful purpose to review the evidence. It suffices to say the evidence is sufficient to support the trial court's findings. They are binding on us. Rule of Civil Procedure 344(f) (1).

The pleadings raised factual issues which prevented plaintiffs from obtaining a judgment on the pleadings. The issues at trial were different from those raised in the pleadings but appear to have been tried without objection.

"Permitting the introduction of testimony on an issue not specifically pleaded obviates the necessity of its formal presentation. Where, as here, parties proceed without objection to try an issue, even though not presented by the pleadings, it amounts to consent to try such issue and it is then rightfully in the case." Reed v. Harvey (1961), 253 Iowa 10, 13, 110 N.W. 2d 442, 444; Rouse v. Rouse (Iowa, 1970), 174 N.W.2d 660, 666; In re Drumheller's Estate (1961), 252 Iowa 1378, 1384–1385, 110 N.W.2d 833, 836. See Rule of Civil Procedure 249.

The evidence, if not the pleadings, supports the trial court's judgment. We have no alternative but to affirm.

Affirmed.

All Justices concur, except REYNOLDSON, J., who takes no part.