Estate of Frederick PAZZI, Louis Pazzi, Administrator,

v.

Robert David TAYLOR, Appellant,

and

Julia Caruthers, Steve Pazzi, Louis Pazzi, Mary Ann Binder, Irene Duffy, Tom Pazzi, Helen Zeliadt and James Pazzi, Appellees.

No. 83-150.

Supreme Court of Iowa.

Jan. 18, 1984.

Linda R. Reade of Rosenberg & Margulies, Des Moines, for appellant.

Lylea M. Dodson, and Mark S. Pennington of Kutmas & Pennington, Des Moines, for appellees.

Clifford S. Swartz, Des Moines, for adm'r.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

CARTER, Justice.

Decedent Frederick Pazzi and his wife Alice Pazzi were divorced in 1962. Alice was given custody of the couple's unborn child. The child, defendant, Robert Pazzi (Robert), was born two months after the divorce decree was filed. In 1963, Alice married Oliver Taylor, who in 1970 adopted Robert; the adoption decree changed Robert's name to Robert Taylor.

Decedent died intestate on February 10, 1981, without a surviving spouse or any children other than Robert. He was survived by four brothers and four sisters: Julia Caruthers, Steve Pazzi, Louis Pazzi, Mary Binder, Irene Duffy, Tom Pazzi, Helen Zeliadt and James Pazzi. The executor of decedent's estate brought this declaratory judgment action to establish whether or not Robert could inherit from decedent. He named the above survivors as defendants.

While conceding in its written ruling that no statutory provision speaks directly to the question of cutting off the right of an adopted child to inherit from its natural parents, the district court held that this was the effect of Iowa Code section 633.-223 (1981) which provided, at the time of Frederick's death:

A lawfully adopted person and his heirs shall inherit from and through the adoptive parents the same as a natural born child. The adoptive parents and their heirs shall inherit from and through the adopted person the same as though he were a natural born child.

On appeal Robert urges that in intestate estates, in the absence of a surviving spouse, surviving children take the estate under Iowa Code section 633.219(1) (1981). He contends that the definition of "child" in Iowa Code section 633.3(5) (1981) embraces natural children and does not exclude natural children who have been adopted as the children of persons other than the decedent. For reasons which are discussed in our opinion, we agree with Robert's contentions.

I. Prior to 1969, our decisions interpreted our statutes on the right of intestate succession to permit an adopted child to inherit from both adoptive parents and natural parents. *Holmes v. Curl,* 189 Iowa 246, 252, 178 N.W. 406, 408 (1920); *Wagner v. Varner,* 50 Iowa 532, 534 (1879). In the latter case we stated:

Because of adoption the child acquires certain additional rights, but there is nothing in the act of adoption which in and of itself takes away other existing rights ... except as is by statute provided.

*Id.* As noted in Comment, 55 Iowa L.Rev. 739, 746 (1970), certain legislative proposals to proscribe the inheritance rights of adopted children from natural parents prior to 1969 failed to pass. In 1969 section 633.-223 was amended so as to provide that, except for the adoption of adults, or, where the adoptive parent is related to the adoptive child, "[a] lawful adoption shall extinguish the right of inheritance on the part of the adopted child from and through his natural parents ...". 1969 Iowa Acts ch. 294 § 7.

▪ Although the 1969 amendment would have resolved the present controversy in favor of the position of Frederick's brothers and sisters, the relevant provisions of that amendment were repealed in 1976 by Iowa Acts ch. 1229 § 40, leaving the statutory scheme as it had been prior to the 1969 amendment. This was the situation on February 10, 1981, when Frederick died. Ironically, only a few months after his death the legislature acted to restore a limitation on the inheritance rights of adopted children similar to the repealed act of 1969. *See* Iowa Acts 1981 ch. 194 § 1. Robert's rights must be determined, however, on the basis of the law in effect at the time of decedent's death. *Karolusson v. Paonessa*, 207 Iowa 127, 137, 222 N.W. 431, 435 (1928).

▪ The district court concluded that, notwithstanding the repeal of the 1969 amendment, the intent of the remaining legislation was to sever the relationship between an adopted child and his natural parent so as to preclude inheritance by one from the other. Frederick's brothers and sisters urge us to approve this interpretation.

We adopt Robert's interpretation and reject that of the district court. The statutes in effect at the time of Frederick's death were not dissimilar from the pre-1969 statutory scheme under which Robert's right of inheritance would have been clear. The trial court's interpretation runs counter to the settled rule of construction that following the repeal of part of a statutory provision a court should not enlarge the meaning of that which remains so as to embrace the repealed portion. *Eldridge City Utilities v. Iowa State Commerce Commission*, 303 N.W.2d 167, 169–70 (Iowa 1981); *City of Burlington v. Kellar*, 18 Iowa 59, 64 (1864). To hold otherwise, of course, would make the repealing act a nullity. We conclude that Robert is entitled to inherit from his natural father.

▪ II. As an alternative argument, Frederick's brothers and sisters urge that, because the adoption of Robert by his stepfather took place in California, his rights of inheritance should be determined by California law. Again, we disagree. Because Frederick was domiciled in Iowa at the time of his death, our statutes of descent and distribution govern the determination of those persons who are entitled to inherit from him. *In re Drumheller's Estate*, 252 Iowa 1378, 1381, 110 N.W.2d 833, 834 (1961); *Mesecher v. Leir*, 241 Iowa 818, 827, 43 N.W.2d 149, 154 (1950); Restatement (Second) of Conflicts of Laws §§ 238, 262 (1971).

▪ III. Finally, we consider appellees' request, that we overrule our decisions in *Holmes v. Curl*, 189 Iowa 246, 178 N.W. 406 (1920) and *Wagner v. Varner*, 50 Iowa 532 (1879) as a basis for adopting the district court's rationale. In adjudicating rights of inheritance, the potential for frustrating normal expectancies by the retroactive effect of an overruled precedent militates against such action on our part. If the law should be changed it is better that the legislature, whose amendments ordinarily operate prospectively, make the necessary alterations. We have considered all arguments presented and, based on the conclusions we have reached, we reverse the order of the district court and remand the action for entry of judgment in accordance with this opinion.

REVERSED AND REMANDED.