In the Matter of the ESTATE OF Inez Louise MILLS, Deceased;

Dale Mills, Pauline Mills Olson, Betty Mills Stephens, and Darwin Halstead, Appellants.

No. 84–1782.

Supreme Court of Iowa.

Oct. 16, 1985.

Richard E. Mundy and Larry J. Thorson of Mundy, Thorson & Meyer, Cedar Rapids, for appellants.

Walter A. Kollmorgen, Belle Plaine, and Keith Mossman, Vinton, for appellee, Citizens State Bank, temporary administrator of decedent's estate.

Considered by HARRIS, P.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

■ We hold that under Iowa Code section 633.223 (1983) an adoption by a single parent extinguishes the right of intestate succession of both of the adopted person's natural parents. In this appeal we affirm a declaratory judgment based on a similar trial court holding.

Section 633.223 provides:

1. Except as provided in subsection 3, a lawful adoption extinguishes the right of intestate succession of an adopted person from and through the adopted person's natural parents. The adopted person inherits from and through the adoptive parents in the same manner as a natural born child inherits from and through the child's natural parents.

2. Except as provided in subsection 3, a lawful adoption extinguishes the right of intestate succession of a natural parent from and through the parent's natural born child who is adopted. The adoptive parents inherit from and through the adopted person in the same manner as natural parents inherit from and through the parents' natural born child.

3. An adoption of a person by the spouse or surviving spouse of a natural parent has no effect on the relationship for inheritance purposes between the adopted person and that natural parent or natural parent's heirs. An adoption of a person by the spouse or surviving spouse of a natural parent after the death of the other natural parent has no effect on the relationship for inheritance purposes between the adopted person and the deceased natural parent's heirs.

4. A person inherits through an adopted person, an adoptive parent, or a natural parent of an adopted person only if the adopted person, adoptive parent, or natural parent of an adopted person would have inherited under subsection 1, 2, or 3.

The present declaratory judgment action was prosecuted by Citizens State Bank of Belle Plaine, temporary administrator of the estate of Inez Louise Mills. The petition named Inez' three surviving siblings and the son of a predeceased sister as defendants. The administrator contended that pursuant to section 633.223 Inez' estate should pass through her adoptive father to his descendants. Defendants contended that one-half the estate should pass through Inez' adoptive father and one-half through her natural mother to them.

The essential facts are undisputed. Inez was the natural daughter of Earl and Lydia Mills. When she was 11 or 12 years old she went to live with her mother's half-brother Gustav Possehl. Neither Inez nor Gustav ever married. In 1948, when Inez was 25 years old, Gustav adopted her. The parties agree this adoption was valid.

Inez lived with Gustav until his death in 1970. Inez died intestate in 1983. She was predeceased by both of her natural parents. Her natural brother Dale and sisters Pauline and Betty survived her. Her sister Mae predeceased her and was survived by a son, Darwin Halstead. The survivors are the named defendants in this case.

The trial court held that the intestate succession rights of both of Inez' natural parents were cut off when she was adopted by Gustav. In so holding, the court relied on the language of subsection 633.223(2) that "[e]xcept as provided in subsection 3, a lawful adoption extinguishes the right of intestate succession of a natural parent from and through the parent's natural born child who is adopted." The subsection three exception applies only to adoptions by the spouse or surviving spouse of a natural parent and is therefore inapplicable here. Nevertheless defendants seek to escape the language of subsection two by asserting it applies only in two-parent adoptions. They argue that the statute does not address adoptions by a single parent. Then they assert that under the equities of the case their inheritance rights should be recognized. We conclude that the case is governed by the statute.

■ The statute does not distinguish between two-parent and single-parent adoptions. It clearly applies to any lawful adoption. The right of an unmarried adult to adopt is unquestioned. *See* § 600.4(1). Section 633.223 makes the adoptive status rather than the number of adoptive parents determinative of intestate succession rights. Only one exception is made to subsection two and it concerns adoption in a familial context not present here. When the legislature delineates exceptions, it is presumed no others are intended. *See Iowa Farmers Purchasing Association, Inc. v. Huff,* 260 N.W.2d 824, 827 (Iowa 1977).

Different exceptions once existed, one of which permitted inheritance through natural parents of an adopted adult. *See* Iowa Code § 633.233(3)(a) (1971). We cannot assume the General Assembly intended the repealed exception to apply under the remaining statute. *See Pazzi v. Taylor,* 342 N.W.2d 481, 483 (Iowa 1984) ("following the repeal of part of a statutory provision a court should not enlarge the meaning of that which remains so as to embrace the repealed portion").

■ We conclude that the trial court was correct in ruling that Inez' natural parents lost their rights of intestate succession when she was adopted by Gustav. Accordingly, defendants did not inherit from Inez through her natural parents. Because the statute governs, the question is not dependent on the equities of a particular case.

AFFIRMED.